ABNER LUNT *vs.* RACHAEL M. LUNT.

Hancock.    Opinion August 11, 1880.

*Deed of mortgagee, before entry of foreclosure without assignment of mortgage debt, conveys no title.*

A quit claim deed of mortgaged premises, made by the mortgagee, before entry under his mortgage or foreclosure of the same, and not accompanied by an assignment of the mortgage debt or any portion of the same, will not convey any title to the real estate.

The interest in the land is inseparable from the mortgage debt, to which it is incident, and from which it cannot be detached.

ON REPORT.

The court to render such judgment as the rights of the parties require.

The opinion states the case.

*A. P. Wiswell,* for the plaintiff, cited: Jones on Mortgages, § 808; *Dockray* v. *Noble,* 8 Maine, 278; *Dixfield* v. *Newton,* 41 Maine, 221; *Johnson* v. *Leonards,* 68 Maine, 238.

*L. A. Emery,* for the defendant.

In this State where the mortgagee takes the legal title, a deed which conveys his interest, must pass the title.

As to the effect of a prior deed, without delivery of mortgage deed notes, see: *Connor* v. *Whitmore,* 52 Maine, 185; *Johnson* v. *Leonards,* 68 Maine, 237; *Welch* v. *Priest,* 8 Allen, 165. There is no objection to a conveyance of a part of the land by the mortgagee. *Johnson* v. *Leonards, supra; Wyman* v. *Hooper,* 2 Gray, 141; *McSorley* v. *Larissa,* 100 Mass. 270; Jones on Mortgages, § 811. To maintain the contrary is to maintain that the legal owner of a lot of land must convey the whole or none.

APPLETON, C. J. This is a real action to recover a tract of land in Mt. Desert. Plea, *nul disseizin.*

On October 5, 1859, Mary S. Carter, deeded the plaintiff the Noble lot, the demanded premises, particularly describing the same, taking back a mortgage of the same, which on April 30, 1864, she assigned to Sally Lunt.

On August 22, 1863, the plaintiff by deed of warranty, conveyed to Joseph M. Lunt, the husband of the tenant, two-ninths of the demanded premises, but the deed was not recorded.

Subsequently, on February 15, 1864, the plaintiff mortgaged the demanded premises to H. & S. K. Whiting, who on April 18, 1864, assigned their mortgage to Jacob Lunt, by whom the same was assigned on March 25, 1865, to Timothy G. Lunt.

Joseph M. Lunt after obtaining his deed of two-ninths of the Noble lot in common, went into possession of, and occupied the western two-ninths of the same.

On January 25, 1868, Sally Lunt, then being the assignee of the plaintiff's mortgage of the Noble lot, to Mary S. Carter and Timothy G. Lunt, the assignee of the plaintiff's mortgage to H. & S. K. Whiting, by deed of quit claim, conveyed to Rachel M. Lunt, the wife of Joseph M. Lunt, and the tenant in this suit, "two-ninths of the Noble lot so called  .  .  being the western part of said lot, next the shore, now occupied by Joseph M. Lunt."

On September 29, 1870, Sally Lunt, the assignee of the Carter mortgage, and Jacob Lunt, her husband, by deed of quit claim, conveyed to James Flye the Carter mortgage, and on June 16, 1877, said Flye quit claimed the same to the plaintiff, who paid him the full amount of the notes given by him to Mary S. Carter when he purchased the demanded premises.

At the time of the quit claim deed from Sally Lunt and Timothy G. Lunt to the tenant, viz: January 25, 1868, Joseph M. Lunt, her husband, was in the possession and occupancy of the western two-ninths of the Noble lot. But his two-ninths was subject to the Carter mortgage, then held by his mother, Sally Lunt, and to the Whiting mortgage, held by Timothy G. Lunt, the warranty deed to him not having been recorded.

This quit claim deed to the tenant was given to her by the procurement of her husband, who was then in the occupancy of the western two-ninths, under his deed of two-ninths in common and undivided. The apparent object would seem to have been not to convey any title to additional land, but to relieve the title to the husband from the superincumbent mortgages. In that event the plaintiff would be entitled to seven-ninths of the demanded premises.

But it is claimed that by the quit claim deed of Sally Lunt and Timothy G. Lunt to the tenant, of January 25, 1868, an

interest in real estate of two-ninths of the Noble lot passed to her. But such is not the law. The interest of a mortgagee before entry, is not real estate but a personal chattel. The interest in land is inseparable from the debt. It is an incident to the debt and cannot be detached from it. *Ellison* v. *Davids*, 11 N. H. 275. The mortgages were not foreclosed. No assignment was made of the mortgage debt or of any portion of the same. The Carter mortgage has been paid in full by the plaintiff. The assignee of the Whiting mortgage was never in possession under his mortgage. The quit claim deed, did not, under these circumstances, convey any title to the real estate, or to a specific portion of the Noble lot.

The most the tenant can claim is that she be regarded as equitable assignee of the Carter and the Whiting mortgages, to the extent of the purchase money she has paid. *McSorley* v. *Larissa;* 100 Mass. 270. But this would not, in a court of law, be any defence to the legal title, which to the extent of seven-ninths is in the plaintiff.

Any equities which the tenant may have to the western two-ninths of the Noble lot, in case of partition, are protected by R. S., c. 88, § 16. *Allen* v. *Hall*, 50 Maine, 253.

> *Judgment for plaintiff for seven-ninths*
> *of the demanded premises.*

WALTON, DANFORTH, VIRGIN, PETERS and LIBBEY JJ., concurred.