LUCY A. FARNSWORTH, Pet'r,

*vs.*

SAMUEL S. KIMBALL, et al.

Hancock.   Opinion October 8, 1914.

</div>

*"Fraud, Accident, Mistake or Misfortune." Mortgage. Petition for Review. Real Action.   Revised Statutes, Chap. 91, Sec. 1, Clause III. Title.   Warranty Deed.*

1.   A petition for review will be denied when it appears that the petitioner's predicament is due to his own fault and want of reasonable diligence.

2.   A deed by a mortgagee, not having made entry, and being out of possession, conveys no legal title to the land, unless accompanied by a transfer of the mortgage indebtedness.

3.   An admission that land, of which several parties successively held deeds, "is and always has been wholly uncultivated, that it has never been fenced nor built upon, that the only use ever made of it has been an occasional cutting of wood, that it has never been used as a wood lot belonging to a farm, and that there is now nothing upon it except a growth of wood," is not evidence that any particular one of the parties ever cut any wood, or had ever been in possession.

4.  Where a mortgagee, not shown to be in possession, gave a warranty deed of the premises, without a transfer of the mortgage indebtedness, his grantee and all subsequent grantees were strangers to the title. In a real action by those holding the mortgagor's title against such a stranger, it is not a defense that the stranger has a claim against an heir of the mortgagee for a breach of his warranty, nor that the mortgage is in existence undischarged, and that the mortgage debt has not been paid.

5.  A review will not be granted of such an action on petition of the heir of the mortgagee, who is also administratrix of the estate, to enable her to offer the mortgage and indebtedness in defense. The evidence would be irrelevant.

On report.   Petition denied with costs.

The petitioner asks for a review of a real action in which the defendants, Kimball and Coffin, were plaintiffs, and George B. Dorr was defendant, which case went to judgment at the April term, 1913, of the Supreme Judicial Court for Hancock County.

The case is stated in the opinion.

*White & Carter and Hale & Hamlin,* for petitioner.

*Deasy & Lyman and E. S. Clark,* for defendants.

SITTING: SAVAGE, C. J., CORNISH, BIRD, HALEY, HANSON, PHILBROOK, JJ.

SAVAGE, C. J.   This is a petition for a review of a real action in which the present defendants, Kimball and Coffin, were plaintiffs and one George B. Dorr was defendant, and comes before this court on report. That case was tried and went to judgment at the April term, 1913, of the Supreme Judicial Court in Hancock County. It is admitted that during the pendency of that action and before trial or judgment, the record title of Dorr, the defendant, passed to the Bar Harbor Water Company, and that the title of Kimball and Coffin, the plaintiffs, had been bought and paid for by the Bar Harbor Water Company and had been conveyed to a trustee for the benefit of that company. So that the Water Company at the time of the trial owned in law, or in equity, all the title of all the parties of record in the suit. It is also admitted that the suit was prosecuted to judgment by that company, at its expense; and inasmuch as it owned also the defendant's title, it is a fair inference that the same company maintained the defense. Except as the judgment might furnish the basis for ulterior proceedings against this present petitioner, it was entirely a moot case.

The Dorr title was deraigned from the warranty deed of William A.. Farnsworth, the petitioner's father, and the petitioner, as she is the sole living heir of her father, and the. owner of property and assets which came to her as such heir, and thus liable upon the covenants of warranty, if broken, was sufficiently vouched in to defend the original suit, but failed to do so, and is accordingly bound by that judgment, as it now stands.

It will be noticed that the petitioner was not a party of record in the original suit, and that Dorr, who was a party there, is not made a party to this proceeding. For her right to institute the proceeding, the petitioner relies upon R. S., Chap. 91, Sec. 1, cl, III, which provides that a review in civil actions may be granted "on petition of a party in interest who was not a party to the record, setting forth the fact of such interest, and upon filing a bond," and so forth. The petitioner's right to petition is not challenged, but we deem it proper to say that we think that her case fairly comes within the provision of the statute. It is probable that by strict construction the original defendant, Dorr, should have been made a party to this proceeding, but the point has not been made. And as he, as well as his former adversaries, are represented by the Bar Harbor Water Company, their grantee, which is making this defense, and makes no point of want of proper parties, we will pass the question. We merely mention the situation that it may not serve as a precedent.

It should be stated further as preliminary to a discussion of the questions involved, that the Bar Harbor Water Company, the present defendant in interest, has commenced an action against the petitioner as heir, upon her father's covenant of warranty, and the action is now pending.

A review may be granted "where through fraud, accident, mistake or misfortune, justice has not been done." R. S., Chap. 91, Sec. 1, cl. VII. But the words "fraud, accident, mistake or misfortune" are not without limitation. This court said in *Pickering* v. *Cassidy*, 93 Maine, 139, that "the words ordinarily import something outside of the petitioner's own control, or at least something which a reasonably prudent man would not be expected to guard against or provide for. It has long been regarded as essential to public order, security and confidence that when parties have had their full day in court . . . . they should abide the result. . . . It cannot have been the intention of the legislature to destroy this rule and destroy all reliance upon court judgments by requiring or even

authorizing the court to open them as often as the defeated party discovers some new evidence or argument." Following this rule, a review is denied when it appears that the petitioner's predicament is due to his own fault, and want of reasonable diligence. Mere mistakes in opinion or judgment do not bring a case within the statute.

The petitioner was seasonably vouched to defend. She then had in her possession all the evidence that she has now, for want of which, as she claims, an erroneous order of judgment was made. She showed it to her personal counsel. She furnished copies of it to the counsel defending the Dorr title. She says she was advised by her attorney that it was not necessary for her to respond to the voucher and that the attorneys for Dorr had told her attorney that they would do all they could in defense. If we should assume that the attorney did not give her good advice, as we do not, that would not be such mistake or misfortune as the statute contemplates. The statute certainly does not mean that when a lawyer gives poor advice it is a cause for review. But the record leads us to think that disinclination to be at any expense about it was the prime reason for failing to appear and defend. Notwithstanding the advice which she says was given her, she undertook to employ a firm of Ellsworth attorneys, but being unable to get them to name a price for which they would take care of the suit for her, she seems to have decided to let the matter go. For these reasons we might properly hold, we think, that the failure of the petitioner to act after being vouched was due to her own personal, palpable, neglect, for which the statute of reviews affords no remedy. But there are reasons why we think it proper to consider the case on its merits, and we will do so. The same result will be reached, either way.

The case shows that the land in question was once owned by Randall S. Clark. On January 8, 1855, he conveyed it to Charles Goodwin and George N. Severance. On the same day, Goodwin and Severance mortgaged it to Andrew H. Hall to secure the payment of three notes aggregating $2500. The deed of conveyance and mortgage were both recorded January 12, 1855. Hall assigned the mortgage to Sarah H. Gilmore, March 26, 1858, and the assignment was recorded May 23, 1859. On May 18, 1863, J. A. Deane, by an assignment purporting to be made by him as attorney for Sarah H. Gilmore, assigned the mortgage to William A. Farnsworth, Henry

Morse and Merrill Austin. The assignment was recorded the same day. No power of attorney appears of record and none can now be found. Previously in the same month, Sarah H. Gilmore gave a warranty deed to Deane, and Deane gave one to Farnsworth and his associates. The counsel for petitioner in argument speaks of these as covering the land in question. This is denied by the defendants, and the case does not show it. From the evidence and admissions in the case we think it may fairly be inferred that so far, the mortgage notes were transferred from party to party with the assignments of the mortgage. And we may say here, as well as anywhere, that we think that the circumstances indicate that the notes have never been paid, and we so find. And for the purposes of this case we shall assume that Deane had authority to assign the mortgage and transfer the notes to Farnsworth, Morse and Austin.

It appears then that in May, 1863, Goodwin and Severance were mortgagors and owned the equity of redemption. William A. Farnsworth,—and we need speak only of him,—was the mortgagee, or had the interest of a mortgagee. His associates by conveyance drop out of the case. Afterwards, in 1865 and 1868, it is said, and having no other title than that of mortgagee, Mr. Farnsworth gave warranty deeds of the land to two persons. At the commencement of the action in the case of Kimball and Coffin against Dorr, it is admitted that the plaintiffs, by mesne conveyances, held the title of Goodwin and Severance, mortgagors, the defendant, Dorr, held the title, such as it was, of the grantees in the warranty deeds of Farnsworth, and, as we shall see presently, the petitioner's rights were those of the mortgagee.

The petitioner's contention is based upon the claim that the chain of conveyances from the warranty deeds of Farnsworth down to Dorr gave the latter some title, namely, the mortgage title of Farnsworth. And upon this assumption she urges that if the mortgage deed and notes had been offered in evidence in the original action of *Kimball and Coffin* v. *Dorr*, they would have disclosed the defendant's mortgage title, and have furnished at least an equitable defense to the action, on the ground that a real action by the owner of the equity of redemption will not lie against the mortgagee or one having the interest of a mortgagee. · *Woods* v. *Woods*, 66 Maine, 206; *Rowell* v. *Mitchell*, 68 Maine, 21.

The weakness of the petitioner's contention lies in the fact that it does not appear that the defendant had any valid title whatever. He claimed under the warranty deed of a mortgagee. It is not doubted that if a mortgagee in possession makes a conveyance by deed, the deed will operate as an assignment of the mortgage. The same result follows if the mortgage debt is assigned or transferred with the deed. But it is now well settled in this State that a deed by a mortgagee, not having made entry, and being out of possession, conveys no legal title to the land unless accompanied by a transfer of the mortgage indebtedness. *Lunt* v. *Lunt,* 71 Maine, 377; *Wyman* v. *Porter,* 108 Maine, 110. The reason is that until entry, the interest of the mortgagee is not real estate. *Lunt* v. *Lunt,* supra. The mortgage is a personal chattel, a chose in action. "It is but an incident attached to the debt, and in reason and propriety it cannot and ought not to be separated from its principal. The mortgage interest, as distinct from the debt, is not a fit subject of assignment." *Jackson* v. *Willard,* 4 Johns, 42.

It is very evident that when Mr. Farnsworth gave these warranty deeds he did not transfer the mortgage indebtedness. He died in 1876. After this controversy arose, not only the original mortgage, but also two of the mortgage notes, and an execution issued on a judgment on the third note were found by this petitioner among her father's papers. They apparently belong to his estate, of which she is the administratrix de bonis non. Nor is there any evidence that Mr. Farnsworth had made entry, and was in possession when he gave the deeds. The petitioner argues repeatedly that such was the fact, but the record does not show it. It shows on the contrary that efforts were made to ascertain whether Farnsworth had ever been in possession, and that the efforts were unavailing. The only thing in the case about possession is an admission in these words:—"It is also admitted that said land is and always has been wholly uncultivated, that it has never been fenced nor built upon, that the only use ever made of it has been an occasional cutting of wood, and that it has never been used as a wood lot belonging to a farm, and that there is now nothing upon it except a growth of wood." And here the cutting of wood is the only thing that relates to the question. It does not state when it was cut nor by whom. Surely here is not enough to warrant a finding that Farnsworth ever cut any wood, nor that he had ever been in possession.

The result is that we are compelled to find that the warranty deeds of Farnsworth conveyed no title. And if that is so, no title came to the defendant Dorr. It thus appears that the original action was a writ of entry by the owners of an equity of redemption against a stranger to the title. If the petitioner had been more diligent, had she assumed the defense, and offered in evidence the notes and mortgage, it would not have changed the situation. If a review should be granted, and she should offer them upon another trial, it would not change the situation. It would still be a suit by the owner of the equity against a stranger. Can it possibly avail in defense, that the stranger has a claim against the petitioner for a breach of her father's warranty? We think not. Even suppose the petitioner should plead puisne darrein continuance that the real plaintiff, the Bar Harbor Water Co. had become the owner in equity of the interest of the defendant Dorr, so that it had become the real defendant, and suppose for that reason the suit should abate. Will the situation of the petitioner be any different then from what it is now? Will she not then, as now, be the holder of an undischarged mortgage and entitled to hold it until the debt it secured is paid? And will she not then, as now, be liable for the breach of her father's covenants of warranty, to the extent of the assets received from him as heir? Her father warranted the title. If there is damage by reason of a breach must she not pay? And entirely irrespective of the result of the Kimball and Coffin suit? She is indeed bound by that judgment. But what was that judgment? No more than this, so far as we are now concerned. It was adjudged that Kimball and Coffin had a title to the land, and that Dorr did not have one. And is not that precisely the state of the title as we now find it to be? The petitioner was not injuriously affected. Her rights under her mortgage were not adjudged nor affected. Her liability under the warranty was not changed.

The petitioner suggests as a reason why she ought to have a review granted, that she is endeavoring to foreclose the mortgage, and wishes to be able before the case is again tried to effect a foreclosure, so that the title thereby effected will enure to the benefit of the grantees under her father's warranty. It hardly need be said that this does not furnish legal ground for a review. To speak of only one contingency. If she has a right to foreclose, the present owner

of the equity has a right to redeem, and we must assume that it will do so. There will be nothing then to enure to the benefit of grantees. And the breach will remain unsatisfied.

To repeat. We think the petitioner has stated no ground that would serve as a defense if a review should be granted. It will therefore be useless to grant one.

*Petition denied with costs.*