W. H. GLOVER COMPANY *vs.* L. B. SMITH

Knox.   Opinion  October  14,  1927.

*Notice of foreclosure of mortgages under section 2, chapter 192, P. L. 1917, must be served upon the record holder of the right of redemption.*

*Mortgage notes or bonds may be transferred to many different persons and the mortgage lien held as security for all.*

*By stipulation in a mortgage the mortgagee may be given the right to assign his lien, in trust to secure the mortgage debt.*

*But in absence of such stipulation a mortgagee out of possession cannot effectually convey his mortgage lien without also transferring the mortgage debt.*

*Intervention may be claimed as a right when the intervenor will either gain or lose by the direct legal operation and effect of the judgment.*

On exceptions.   A writ of entry heard by a single justice in vacation upon stipulations.   The Federal Land Bank filed a motion to intervene.   Motion to intervene was denied and exceptions taken. Judgment for plaintiff was rendered and exceptions taken by defendant and also by The Federal Land Bank.   Exceptions overrruled.

The case is fully stated in the opinion.

*E. W. Pike,* for plaintiff.

*Charles T. Smalley,* for defendant.

*Andrews, Nelson & Gardiner,* for The Federal Land Bank, intervenor.

SITTING:  WILSON, C. J., PHILBROOK, DEASY, STURGIS, PATTANGALL, JJ.

DEASY, J.   Real Action.   The question directly involved is the right of possession of real estate in South Thomaston.   The answer depends upon certain deeds, all of which purport to convey the property.

PLAINTIFF'S DEEDS.

(a)    Annie V. Smith to Fred A. Thorndike et als (1918) Warranty deed subject to a mortgage given the year before by Annie V. Smith to Blanche Waldron. As hereinafter appears the defendant relies upon this mortgage for his claim of title and right of possession.

(b)    Fred A. Thorndike et als to Leonard B. Smith (1920) Warranty deed subject to said mortgage.

(c)    Sheriff's deed to W. R. Glover Co. plaintiff (1924) conveying interest of Leonard B. Smith.

The right of redemption from the Sheriff's sale having expired the plaintiff at the time of beginning the suit (1926) held the prima facie title to and right of possession of the premises against everybody except persons lawfully holding under the mortgage to Blanche Waldron above referred to.

The defendant admitting that he had lost through a levy all interest in the equity of redemption, says that, after the levy, he acquired title under the mortgage.

DEFENDANT'S DEEDS.

(a)    Annie V. Smith to Blanche Waldron (1917) Mortgage.

(b)    Blanche Waldron to Lizzie E. Davis (1919). Assignment of above mortgage.

(c)    Lizzie E. Davis began foreclosure (March 1924). As appears below this foreclosure was not effectual.

(d)    Lizzie E. Davis to Fred A. Thorndike et als (March 1925). Assignment of above mortgage.

(e)    Fred A. Thorndike et als to Leonard B. Smith, the defendant, (June 1925). Warranty deed.

It is clear that if the foreclosure by Lizzie E. Davis had been valid and had, after the lapse of a year, ripened into a title in Thorndike et als, her assignees, their warranty deed would have given to the defendant sole title and right of possession.

But the foreclosure was ineffectual. Lizzie E. Davis undertook to foreclose by serving a notice of foreclosure. (Act of 1917, Chap. 192, Sec. 2).

The notice was served upon Annie V. Smith only and was served after her Warranty deed to Thorndike et als had been recorded. The statute requires the notice to be served upon the record holder of the right of redemption.

Therefore when Thorndike et als in 1925 gave their deed to the defendant they (the grantors) had simply the status of mortagees under an unforeclosed mortgage.

Our court has repeatedly held that such a deed from a mortgagee, who is out of possession, conveys nothing unless the mortgage debt is also transferred to the grantee.

"A deed by a mortgagee, not having made entry and being out of possession conveys no legal title to the land unless accompanied by a transfer of the mortgage indebtedness." *Farnsworth vs. Kimball,* 112 Me. 243.

"The interest (of a mortgagee) in land is inseparable from the debt. It is incident to the debt and cannot be detached from it." *Lunt* vs. *Lunt,* 71 Me. 379. *Wyman* vs. *Porter,* 108 Me. 115.

The case does not show that the mortgagee ever took possession, or that the mortgage debt or any part of it was transferred to the defendant. At this stage the burden was upon the defendant.

The plaintiff by the production of his deed made out a prima facie case of right of possession as against everybody except persons lawfully claiming under the mortgage. The burden of going forward and proving a better right in himself was thus cast upon the defendant.

Under the law as established by the cases above cited and upon the facts, as they are made to appear in this case, the plaintiff is entitled to possession.

The rule, indicated by the above cases, that the mortgage debt, and the mortgage lien securing it are inseparable is not to be taken literally.

It goes without saying that mortgage notes or bonds may be transferred to many different persons and that the mortgage lien will be held as security for all. It should also go without saying that by proper stipulation in a mortgage the mortgagee may be given the

right to assign his lien, including his right of possession, in trust to secure the mortgage debt.

But following the earlier cases we hold that in the absence of such stipulation a mortgagee out of possession cannot effectually convey his mortgage lien without also transferring the mortgage debt.

The presiding justice ruled in accordance with this opinion. The defendant's exceptions cannot be sustained.

After the defendant received his Warranty deed in 1925 he conveyed the property in mortgage to a Federal Land Bank. This corporation filed a motion to intervene, which motion was denied. Exceptions to the denial were reserved.

Intervention may be claimed as a right when the intervenor "will either gain or lose by the direct legal operation and effect of the judgment." 20 R. C. L. 685 and cases cited.

We think that the situation disclosed in this case does not come within this rule. The presiding justice exercised his discretion in denying the motion. No abuse of discretion is apparent.

The plaintiff corporation has the right of possession as against L. B. Smith, but not as against any person or corporation lawfully claiming under the mortgage originally held by Blanche Waldron.

Whether the plaintiff has the right to redeem the property from this mortgage, upon payment of what sum and to whom, and what the rights of the parties are with reference to a second mortgage given by the defendant, and later discharged, are questions which cannot be determined in the present action.

*Exceptions overruled.*