[L. A. No. 10047. In Bank.—December 24, 1928.]

ERNEST MONTGOMERY, Respondent, v. S. BECK et al., Defendants; W. D. ASHBAUGH, Appellant.

Winslow P. Hyatt for Appellant.

J. Everett Brown for Respondent.

THE COURT.—This appeal was submitted upon an order to show cause, the respondent having presented and filed no brief herein. This action was one to quiet title to certain real property. One of the defendants named therein was the Los Angeles Realty Syndicate, a defunct corporation, jurisdiction over which was obtained by service of process upon one of the former directors and then existing trustees thereof. The trustees were not made parties to said action, and they permitted said defunct corporation to be in default, and the default thereof upon the proof of such

service was entered in the action. Thereafter the appellant, W. D. Ashbaugh, made application for leave to intervene in the action, alleging himself to be the owner of the premises in question as the successor in interest of said defunct corporation, and in his amended complaint in support of his application he set forth the foundation of his title and ownership of said premises as consisting in a judgment obtained by him against said Los Angeles Realty Syndicate prior to the institution of the present action, decreeing him to be the owner of said premises. ■ The plaintiff's opposition to said application for intervention was twofold, consisting, first, in the contention that the default of said defunct corporation having been duly entered before the making of said application for leave to intervene constituted a sufficient ground for the denial of the same. There is no merit in this contention. An intervener claiming title to property adverse to both the plaintiff and the defendant named in an action to quiet title cannot be prevented, as to his right, to intervene therein by the fact that one or all of the named defendants may have suffered a default. (*Morgan* v. *Bonynge*, 157 Cal. 295 [107 Pac. 312.]; *Townsend* v. *Driver*, 5 Cal. App. 581 [90 Pac. 1071].) ■ The second ground of opposition to the appellant's asserted right to intervene was based upon certain affidavits filed in opposition thereto, based upon the rather insufficient averments of the applicant's original cross-complaint in intervention. Upon the presentation thereof, however, the trial court granted the said applicant leave to present an amended complaint, which definitely set forth, as the basis of his right to intervene, the judgment obtained by him against the Los Angeles Realty Syndicate prior to the institution of the present action, decreeing him, as against said defunct corporation, to be the owner of the premises in question. No objection having been presented by the plaintiff as to the form or sufficiency of said amended complaint in intervention, it is apparent that it sufficiently stated such an adverse interest in and ownership of the premises as should have entitled the applicant to an order permitting him to intervene in this action, and the denial by the trial court of his right so to do must be held to be such an abuse of discretion as will compel a reversal of its order made herein in so far as the same purported to deny to the

appellant leave to file his answer and cross-complaint in intervention. It is not necessary to consider that portion of said order which consisted in a denial of the application for an order setting aside the default of the Los Angeles Realty Syndicate, since, irrespective of the entry of such default, the applicant had, as we have seen, a right as an adverse claimant of said premises to appear and intervene herein.

The order is reversed.