Franklin National Bank et al. *v.* Kennerly Coal & Coke Co., Appellant.

480

Argued March 25, 1930. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

*Philip N. Shettig,* with him *Paul W. Cauffiel* and *A. A. Nelson,* for appellant.—The Franklin National Bank,

and J. A. Harris, Jr., who represents its interests, original plaintiffs in this case, may not maintain this action or procure relief against appellant, even though it be conceded that another stockholder might have grounds for relief.

The Franklin Trust Co. of Philadelphia, executor of Edward W. Jones, deceased, is not a proper party plaintiff in this proceeding and is not entitled to relief thereunder.

Appellant corporation being solvent, none of the principles applicable to the appointment of receivers for insolvent corporations may be invoked. The matters complained of have either no merit as establishing mismanagement, dissension or jeopardy of stockholders' interests, or they pertain to matters the relief for which is not by receivership.

*J. C. Davies,* with him *John Hampton Barnes,* for appellees.—The Franklin National Bank and J. A. Harris, Jr., original plaintiffs in this case, are not barred from maintaining this action and are entitled to relief thereunder.

The Franklin Trust Co. is a proper party plaintiff in this proceeding.

Appellant company has failed to attain and has abandoned its object of incorporation. Its affairs have been irregularly conducted and illegal acts committed, giving rise to dissension among its stockholders, and their interests are in jeopardy, all due to gross mismanagement and gross misconduct on the part of its officers and directors, and the question of solvency is immaterial: McDougall v. R. R., 294 Pa. 108; Gilmore v. Drug Co., 279 Pa. 193.

OPINION BY MR. JUSTICE KEPHART, May 27, 1930:

We are asked to vacate the appointment of a receiver which was made on the ground of corporate mismanagement. The appointment of a receiver is a discretionary

matter with the court below, and its action will not be disturbed unless there is a clear abuse of sound judicial discretion: McDougall v. Hunt. & Br. T. R. & C. Co., 294 Pa. 108. We suggested in that case a receiver should not be appointed unless there is good reason therefor, but when such reason exists, there should be no hesitancy in making the appointment. After a careful review of the evidence, we are satisfied that the court below proceeded with extreme caution. No receivers were appointed until four years had elapsed from the filing of the bill.

Appellant was organized to own and operate a large coal area. Its capital stock of a million dollars was all issued but not fully paid, and its bond issue of four hundred thousand dollars was partly outstanding. Almost a quarter of a century has passed and the company has done nothing toward the accomplishment of its purpose except the purchase of the lands proposed to be opened. The right-of-way acquired by it for the purpose of operation was sold some twelve years ago on the promise of the purchaser that it would build a railroad to the property, but the road has never been built. Calls on the stockholders for pro rata payments on account of the unpaid balance due on their subscriptions to stock were made from time to time; some paid, others did not, and the officers, through a mistaken view of the law, declared forfeited the stock of certain of the delinquents, afterwards selling the forfeited stock to one of the directors without competitive bidding, for the value only of the unpaid calls. The manner of making the forfeiture is criticized, and gross discrimination has been charged in that the shares in arrears were not uniformly cancelled. No action was taken against the delinquent shares of any officers or directors.

The money received on calls was used, without corporate authority, to redeem outstanding bonds; those redeemed were not selected by allotment, but the bonds of favored holders were taken. This was in direct viola-

tion of the mortgage covenant and harmful consequences from it might have ensued. One of the principal officers mingled funds of the company with his own, and taxes remained unpaid, occasioning a sale of part of the land, though this has since been redeemed. These and many other circumstances caused the chancellor to find the corporation has been mismanaged, and we concur in his conclusion.

Appellant contends that the complaining stockholder is not entitled to relief because he participated in the wrongful acts complained of. The court below found as a fact that he did not ratify or approve these acts; but the contention may be disposed of on a broader ground. When a stockholder, as a director of the company, participates in an act prejudicial to the interests of non-participating stockholders, and later recants, making an effort to correct the wrong, a court of equity will not deny relief, but will compel the directors to do justice in the interests of all stockholders. The relief thus accorded is not personal, and the inquiry should be whether the interests of the stockholders as a whole have been prejudiced by the wrongful act. The complaining stockholder, however, by his act does not secure immunity or exemption from liability for any injury to which he has been a party.

The Franklin Trust Company intervened as a party plaintiff under Rule 25. Under our equity practice, where a party intervenes, it is not necessary for him or the original complainant to amend the bill so as to include the intervenor as a party, nor is it necessary for him to file his own bill or cross-bill to render his joinder in the proceeding effective. In Bailey v. Pittsburgh Coal R. R. Co., 139 Pa. 213, we held that names could be added to a bill as parties plaintiff and defendant without changing the pleadings. It was not necessary for the Franklin Trust Company to do any other act than file and have granted its petition to intervene. When this is done, it thereby adopts the pleadings as they then

exist or may thereafter be enlarged by the original complainant, unless specific dissent is made therefrom. If the intervenor desires to raise any dispute, or to set up additional matter, he may do so, providing the ultimate issue is not changed.

The E. W. Jones Estate, of which the Franklin Trust Company is executor, was in arrears in its subscription, and it is contended that as the estate was a debtor it is in no position to intervene or to ask for a receiver. When stock is subscribed for and part payment made therefor, the holder has a substantive right in the company; though he may be indebted thereto on calls, that fact will not preclude his action against corporate officers on the ground of mismanagement.

There are other features of the report which we deem unnecessary to discuss. There is one matter, however, to which attention should be called. The corporation is solvent and appellees have been moving for a sale of the property. Of course there is a part of the mortgage debt unpaid, and there are large sums due on account of unpaid subscriptions; undoubtedly the receivers will move to collect the latter. But even if that is done, the company does not intend to carry out the purposes of incorporation; the real estate has been in its hands for twenty-five years: how much longer must it be held or when must it be sold? This is a very serious matter. Some of the stock is held in estates and it is urged these cannot be settled until the property is sold, there being no available sale of the stock at anything like a fair price. It is in evidence that an offer of six hundred thousand dollars was at one time made for the property, which the management refused. The value of the land is fixed between six hundred thousand and a million dollars. The will of the majority stockholders should be the dominant and controlling factor as to when the property of a solvent corporation should be sold, but to this there must be exceptions; where the corporation has ceased to function, and becomes merely a holding com-

pany without intent to carry on the corporate business, as evidenced by long-continued acts with relation to its sole asset, the majority cannot hold the property from the market indefinitely; such a course tends to "freeze out" the minority. Nor may the minority insist on a sale at a time when a fair value for the land cannot be obtained. At the present time a sale of this property ordinarily would not bring a very high price, as coal lands are a drug on the market. It is not the province of this court to suggest policy, times, places, or amounts. That matter is in the hands of the court below, where both sides may be heard on a contemplated sale if the court feels that one is justified; or the parties may agree to a sale, a course which is highly desirable.

The decree of the court below is affirmed at the cost of appellant.