Landis *v.* Glessner (et al., Appellant).

302 

Argued April 22, 1938. 

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADT-
FELD, PARKER and RHODES, JJ. 

*Douglass D. Storey,* of *Hause, Evans, Storey & Lick,*
with him *C. L. Shaver,* of *Shaver & Heckman,* for
appellant.

*Thomas F. Lansberry,* for appellee.

OPINION BY BALDRIGE, J., July 15, 1938:

This is an appeal from the refusal of the learned
court below to permit the appellant to intervene in an
equity suit brought to cancel a recorded deed.

On June 20, 1931, Robert L. Landis leased to A. M.
Glessner certain premises which he owned, situate in
Brothersvalley Township, Somerset County, for a
period of five years, beginning September 1, 1931, at a
rental of $10 per month. On December 9, 1933, Landis
orally offered to sell this property to Glessner for
$1,950, $1,000 to be paid down when the lease expired
and "the balance later." This proposition was forth-

with accepted by Glessner, and P. P. Baker, Justice of the Peace, prepared a deed, which was executed by Landis, purporting to convey these premises to Glessner. Landis was then working in Charleston, West Virginia, and left the deed with Squire Baker with specific instructions to keep it safe. A mortgage to Landis was executed by Glessner the same day, in the sum of $1,950, payable as follows: $975 on August 31, 1936, upon the expiration of the lease and the remainder in two equal annual installments. This mortgage, also, was placed in the custody of the Justice of the Peace.

On September 8, 1934, the Penn Township Mutual Fire Insurance Association of Lancaster County, the appellant, issued to Robert L. Landis, as owner of the above-mentioned premises, a policy of fire insurance covering the building erected thereon. Some six weeks later, Glessner procured the Landis deed from Squire Baker without the consent of the grantor and recorded it in Somerset County on October 22, 1934.

On June 1, 1936, the building covered by the insurance policy was destroyed by fire. A sworn proof of loss was filed by Landis, wherein it was set forth that his interest was that of mortgagee. The insurance company refused to pay the claim as there was a provision in the policy that it was void if the interest of the insured was other than unconditional and sole ownership, or if the building was on ground not owned by the insured in fee simple.

Suit was thereupon brought by plaintiff to recover the amount of his loss. While it was pending, a bill in equity was filed to correct the record by having the deed cancelled on the ground that there had been no effective delivery thereof to pass title to Glessner, notwithstanding the deed had been entered on the record. The defendant personally accepted service thereof but did not enter an appearance or file an answer. On November 6, 1936, plaintiff filed a motion for a decree

pro confesso. The appellant, on April 16, 1937, filed a motion to intervene in that proceeding "in accordance with rule 17 of the Rules of Equity Practice," which permits a joinder to an action of additional parties if it is "essential in order that justice and equity may be done." The appellant now invokes, also, rule 25, which was alleged to have been inadvertently omitted in the petition as applicable under the facts presented. It states that, by leave of court, any person "claiming an interest in the pending suit" may be permitted to intervene at any stage of the proceedings.

It is of no considerable moment whether rule 25 was expressly mentioned in the petition, as the right to intervene depends upon whether the petitioner under the facts presented has an equitable right to be made a party to a pending action. The court forthwith filed an order refusing the motion to intervene. On the same day, to wit, April 16, 1937, after hearing the testimony of plaintiff in the bill, the court entered a decree pro confesso and directed that the deed be cancelled and stricken off the record.

The right to intervene is a matter within the sound discretion of the lower court and, ordinarily, the action will not be interfered with on review unless there is a manifest abuse of its authority: *Valmont Developing Co. v. Rosser et al.,* 297 Pa. 140, 149, 146 A. 557; *White et al. v. Old York Rd. Club et al.,* 318 Pa. 346, 350, 178 A. 3; *Tonkonogy v. Levin et al.,* 106 Pa. Superior Ct. 448.

The appellant admits it is not "technically" concluded by the final decree, but contends that from a "real sense" it is. There was only one question involved in the equity proceeding and that was the title to the real estate described in the deed. The appellant is not directly interested in the adjudication of that matter as it did not claim any interest in or title to this land. In *Tanner v. White et al.,* (Ga.) 91 S. E. 59, and *Montgomery v. Beck et al.* (Cal.), 272 Pac. 1058, cited by

the appellant, the plaintiff in each case claimed an interest in or a title to the land involved in the equity proceedings.

In *Valmont Developing Co. v. Rosser et al.,* supra (297 Pa. 140, 149, 146 A. 557) also cited by the appellant, Kingston Borough asserted that it had a public duty to protect the highways which it alleged were being unlawfully encroached upon, and therefore it was allowed to intervene in an equity action as it had a real and direct interest in the subject-matter of the suit. Quite a contrary situation is present in this action. If the appellant had been allowed to intervene, it would have been necessary for it to adopt the existing pleadings. No additional matter changing the original issue could have been set up; *Franklin N. B. et al. v. Kennerly C. & C. Co.,* 300 Pa. 479, 483, 150 A. 902. Consequently, the defense raised by the appellant to the suit on the policy could not have been adjudicated in the equity proceeding, so that all the rights of the respective parties could not have been determined in the one action, as in the Valmont Developing Company case.

We think the appellant has somewhat magnified the effect of refusing it the right to intervene in the equity suit, as is not barred from invoking the provisions of the policy relied upon as a defense to the suit on the policy. We cannot now say whether or not it will prevail. But we are convinced that the appellant has lost none of its legal rights. We see no reason to conclude that the chancellor abused his discretion in refusing the motion to intervene.

Decree of the learned court below is affirmed, at appellant's costs.