## MARIO DeFELICE

*vs.*

## FEDERAL GRAIN CORPORATION ET AL.

·Court of Common Pleas  New Haven County  File No. 22823

MEMORANDUM FILED SEPTEMBER 30, 1943.

*Robert H. Gould,* of Bridgeport, for the Plaintiff.

*Arthur B. Weiss,* of Bridgeport,· for the Applicants.

CULLINAN, J.  This action, made returnable to the Court of Common Pleas for New Haven County on the first Tuesday of May, 1933, joins as defendants both the Federal Grain Corporation and David Feurer, its general manager.  The controversy appears to have its roots in a negotiable note on which the plaintiff became an accommodation endorser.  There· after, the plaintiff, meeting the fate which frequently befalls accommodation endorsers, was called upon to liquidate the obligation and now seeks reimbursement.

On June 9, 1933, the defendants filed ∙ their answer and ·counterclaim, to which the plaintiff, on September 26, 1933, addressed his reply.  Thus, the matter has continued on the docket, without further activity or stimulation, until the present time.

The pending application of Louis Miller and Helen Miller, wherein they seek to be joined as parties defendant, alleges in substance that, coincidental with the institution of this action, Bridgeport real estate, owned by the defendant corporation, was made the subject of attachment; that this attachment continues to remain unreleased; that subsequent to the commencement of this action the defendant corporation became a bankrupt; that the trustee in bankruptcy, in the course of his duties as trustee, conveyed title to the attached realty to Louis Miller and Helen Miller, the applicants; that they, by virtue of their ownership of the property and in the light of the unreleased attachment, are in danger of suffering loss through a judgment, if any, which may be rendered in this action; that there are defenses to the action; and that they wish to pursue these defenses.

To the pending application of Louis Miller and Helen Miller, the plaintiff offers resistance, predicated principally on section 5517 of the General Statutes, Revision of 1930, which provides: "Any person may be made a defendant who has or claims an interest in the controversy, or any part thereof, adverse to the plaintiff, or whom it is necessary, for a complete determination or settlement of any question involved therein, to make a party." To be sure the applicants have no real interest in the controversy between the plaintiff and the defendants, since they are in no wise concerned with any of the rights, duties, or liabilities created by the plaintiff's accommodation endorsement, or with such defenses as may be open to the defendants. Likewise, the applicants are not essential to the complete determination of any question involved in the litigation.

However, the applicants, by virtue of their present ownership of the attached realty, may have a very real and vital interest in any judgment ultimately rendered. The defendant corporation is a bankrupt; oral argument of the pending application disclosed that the defendant, David Feuer, is of parts unknown, has been absent from the State for an extended period, and is apparently without assets. What, then, is available to satisfy a judgment, if rendered, other than the attached real estate now owned by the applicants?

Therefore, I feel strongly that resort must be had to section 5521 of the General Statutes, Revision of 1930, providing:

" . . If a person not a party shall have an interest or title which the judgment will affect, the court, on his application, shall direct him to be made a party." **(Italics added.)**

"Intervention may be claimed as a right when the intervenor 'will either gain or lose by the direct legal operation and effect of the judgment'." *W. H. Glover Co. vs. Smith*, 126 Me, 397, 138 Atl. 770.

Patently, in view of the corporate bankruptcy and the claimed financial irresponsibility of the defendant Feuer, there is abundant justification for belief that the applicants will be directly affected by the judgment. Further, no prejudice can accrue to the plaintiff by reason of their presence as parties defendant.

The right of intervention is a matter within the sound discretion of the trial court. *Landis vs. Glessner*, 132 Pa. Super. 301, 200 Atl. 899; *Butler County Commissioners' Petition*. 141 Pa. Super. 597, 15 Atl. (2d) 504.

Accordingly, the application of Louis Miller and Helen Miller for permission to be made parties defendant is granted, and the plaintiff is hereby ordered, pursuant to the statutes *re*: service of civil process, to cite Louis Miller and Helen Miller as parties defendants.