## Township of Whitemarsh v. Chemical Concentrates Corporation

*Samuel H. High, Jr.*, of *High, Swartz, Flynn & Roberts*, for petitioners.

*Elmer L. Menges*, for plaintiff.

*Harry M. Sablosky*, for defendant.

KNIGHT, P. J., January 11, 1946.—Whitemarsh Township in the bill in equity filed, as of the above term and number, alleges that defendant is so operating its business that by reason of the emission of noxious and offensive odors, dust and fumes, etc., the health and safety of the people of the township is endangered.

It is also alleged that the business as operated by defendant is in violation of the zoning ordinance of the township.

The bill prays for an injunction "restraining said Chemical Concentrates Corporation from continuing the illegal use of its plant and business situate in the Township of Whitemarsh, Montgomery County, Pennsylvania, or to permit any other person or persons to maintain or to use said plant or building in violation of the Whitemarsh Zoning Ordinance of 1941".

Two residents of Whitemarsh Township and three residents of Upper Dublin Township now pray to be allowed to intervene as parties plaintiff, and to file their own bill. An answer having been filed, the case was argued before the court en banc.

The bill in this case seems to have been filed by virtue of sec. 1001 of the zoning ordinance. Defendant's plant is in an industrial zone, and by the provisions of the above section certain industries are prohibited, but the business of the defendant is not one of them. The section, however, contains a general clause prohibiting "any use which may be so noxious or offensive, by reason of emission of odor, dust, fumes, smoke, gas, vibration or noise, or which may be so dangerous, by reason of risk of fire or explosion, as to constitute a public hazard."

Petitioners here not only seek to intervene as parties plaintiff, they also pray for the "right and privilege of filing their bill of complaint, averring and alleging that the operation by the defendant of its plant is such as to constitute a nuisance".

Rule 25 of the Rules of Equity Practice, provides:

"Rule 25. By leave of court, any person or persons claiming an interest in a pending suit, may be permitted to assert his, her or their right by intervention at any stage of the proceedings; but this shall be in subordination to and in recognition of the propriety of such suit."

This rule is liberally construed so that multiplicity of suits may be avoided and the costs of litigation diminished. If, however, the intervention of additional parties will change the issues involved, or result in multifariousness of parties and causes of action, the intervention should not be permitted: Tonkonogy v. Levin, 106 Pa. Superior Ct. 448 (1932).

The township seeks to enjoin defendant's business on the ground that it violates a provision of the zoning ordinance, and constitutes a public hazard. Intervenors, by their own bill, want to restrain defendant because the operation of the business interferes with the enjoyment of their nearby homes.

The township contends that defendant is maintaining a public nuisance; intervenors, that it is maintaining a private nuisance.

Every public nuisance includes, perhaps, a private nuisance; but every private nuisance is not a public nuisance, much less a public hazard. If the petition to intervene is granted, and the intervenors allowed to file their own bill, then the issues will be changed. The township seeks the enforcement of a public law, the zoning ordinance; the intervenors to secure a private right. The burden on the township is to prove that defendant's operation of its plant constituted a public hazard, a hazard affecting all or a substantial number of the citizens of the township. No such burden would rest on intervenors under their proposed bill.

That the issues raised, if intervenors are allowed to file their own bill, will be very different from the issues

raised under the pleadings as they now exist is further demonstrated by examining the answer filed by defendant to the bill. This answer questions the legality of the notice to cease operating served by the township on defendant: it also challenges the constitutionality of the Whitemarsh zoning ordinance in certain respects, and further declares that a "use" permit is not required under the ordinance.

None of these questions will or can be raised under the proposed bill of the intervenors. In Landis v. Glessner, 132 Pa. Superior Ct. 301 (1938), on page 305, there is found the following:

"If the appellant had been allowed to intervene, it would have been necessary for it to adopt the existing pleadings. No additional matter changing the original issue could have been set up; Franklin N. B. et al. v. Kennerly C. & C. Co., 300 Pa. 479, 483, 150 A. 902."

Present proposed intervenors will not adopt the pleadings of the township nor could they intervene on the present pleadings, for three of them are not residents of Whitemarsh Township, and the interests of the township are adequately represented by original plaintiff: City of Philadelphia to use. v. Leverington Cemetery Co., 104 Pa. Superior Ct. 386 (1932); Appeal of Phila. & Reading Coal & Iron Co. No. 2, 22 D. & C. 475 (1935).

There are other reasons, such as the question of costs, which, together with those we have given, lead us to the conclusion that granting the prayer of this petition would not simplify or expedite the case, but, on the contrary, would confuse the issue and hinder, complicate and delay the orderly disposition of the business.

In discharging the rule, we are depriving petitioners of none of their legal rights, for they can file their own bill at any time, as a separate and independent piece of litigation.

And now, January 11, 1946, the rule to show cause why petitioners should not be permitted to join as parties plaintiff and file their own bill is discharged.