## Garner et al. v. Robbins Homes, Inc.

*M. Jack Morgan*, for plaintiffs.

*Butz, Steckel, Hudders & Rupp*, for defendant.

*Charles M. Bolich*, for intervenor.

HENNINGER, P. J., November 19, 1951.—William F. Garner, Frederick E. Goldsmith and Herbert F. Everett on November 19, 1941, entered into an agreement with Robbins Homes, Inc., whereby for services to be rendered in a building operation they were each to receive one fourth of the net profit.

On June 20, 1946, Garner and the Goldsmith estate brought the above-captioned action in equity for an

accounting. An answer was filed admitting the agreement, averring an amendment thereof as to Garner, denying that the parties were concerned in the number of houses claimed and stating that by reason of failure to dispose of 26 of the houses, the profit was not then ascertainable.

Everett brought an action in equity for an accounting of his profits under the agreement to June term, 1948, no. 9. His attempted service of the bill is presently under attack but neither party has pressed the matter to a decision.

The present controversy arises out of an attempt on Everett's part to intervene in the present suit. Coplaintiffs are interposing no objection but defendant opposes intervention on the ground that another action is pending, intervention is sought as a substitute for service of Everett's own bill and that Everett has delayed too long in applying for intervention. Defendant also avers that Everett has released his claim, but with that we are not now concerned as that is a defense upon the merits.

Both sides agree that under Equity Rule 25 intervention is a matter for the court's discretion. The court can exercise that discretion, however, only when intervention is permissible. We do not believe that such is the case here.

Equity Rule 25 reads as follows:

"By leave of court, any person or persons claiming an interest in a pending suit, may be permitted to assert his, her or their right by intervention at any stage of the proceedings; but this shall be in subordination to and in recognition of the propriety of such suit."

In Bily v. Allegheny County Board of Property Assessment, etc., 353 Pa. 49, Mr. Justice Stern stated (page 51):

"The right of intervention should be accorded to anyone having title to property which is the subject of

litigation, provided that his rights will be substantially affected by the direct legal operation and effect of the decision, and provided also that it is reasonably necessary for him to safeguard an interest of his own which no other party on the record is interested in protecting."

The test, therefore, is whether Everett has an interest in the pending suit between Garner and the Goldsmith estate on the one hand and Robbins Homes on the other. He has no such interest. The pending suit is to determine the right to and quantum of two separate one fourths of the profits from a certain building operation. Everett does not claim either a share in or all of either one fourth. On the other hand, he claims a full other one fourth, not being litigated in the present action. Nor will any amount that might be found due Garner or Goldsmith in the present action bind Everett in his action. His interest in this action being only academic, he might appear as amicus curiæ, but he cannot intervene: Landis v. Glessner et al., 132 Pa. Superior Ct. 301, 304.

Furthermore, Everett's intervention would introduce an entirely new cause of action, first the disposition of an additional one fourth of the profits and second, the question of release.

The fact that Everett could have joined in this action in the first place has no bearing upon his right of intervention. He voluntarily chose to bring a separate action after the other one had been begun and we see no reason to release him from his choice. He has lost the right to ask intervention to avoid multiplicity of suits: Kramer v. Slattery, 260 Pa. 234, 239. All of the advantages of intervention can be secured by joint trial of the two cases when they are at issue, avoiding the necessity for duplicate accounting.

There was an intimation that Everett was using the method of intervention to overcome a possible defect

318

in service of his bill. That also has no bearing one way or the other. We are not shocked at such a motive if Everett is within his rights; on the other hand, we do not impugn the integrity of any sister court in whose forum he might be able to obtain service.

Now, November 19, 1951, the petition of Herbert F. Everett to intervene as a party plaintiff in this action in equity is denied.