Arlon I. BROWN and Jalon Brown

v.

ZONING BOARD OF APPEALS OF the
TOWN OF HAMPDEN et al.

Supreme Judicial Court of Maine.

Sept. 27, 1978.

William W. Peasley, Bangor, for plaintiff.

Stearns, Finnegan & Needham, P.A. by Kenneth L. Jordan, Jr., Bangor, for defendants.

Anderson & Norton by Peter Adams Anderson (orally), Bangor, for applicants for intervention.

Before McKUSICK, C. J., and POMEROY, WERNICK, DELAHANTY, GODFREY and NICHOLS, JJ.

POMEROY, Justice.

This is an appeal from a Superior Court, Penobscot County, order denying petitioners' motion to intervene pursuant to Rule 24(a)(2), M.R.Civ.P.[1]

The uncontroverted facts are as follows. On August 25, 1977, Arlon I. Brown and Jalon Brown, plaintiffs herein, petitioned defendant for an exception to the Town's zoning ordinance. Defendant denied the petition. The following September 29, plaintiffs again appeared to present the same petition. The chairman of defendant

1. Rule 24(a) reads in pertinent part:
   Upon timely application anyone shall be permitted to intervene in an action:

   .    .    .    .    .

   (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and he is so situated that the disposition of the action may as a practical matter impair or impede his ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

Plaintiffs, in addition to arguing that petitioners' property interests were in no way affected by the Superior Court proceedings, argued that petitioners' interests were adequately represented by counsel for the Town of Hampden. Such a finding would, by virtue of the last clause of Rule 24(a)(2), preclude petitioners' intervention. Because we dispose of the appeal on other grounds, we need not reach that issue.

Zoning Board, without prior consultation with its other members, dismissed the petition on the grounds that the second petition was merely a duplicate of the first, and was, therefore, out of order. Plaintiffs thereupon filed a timely appeal to the Superior Court pursuant to Rule 80B, M.R. Civ.P., alleging that the chairman's actions exceeded his authority. Petitioners subsequently moved to intervene, claiming that they fell within that class of individuals protected by Rule 24. The presiding Justice disagreed, and denied the petition, thereby spawning this appeal.

We affirm.

Rule 24(a) is a direct descendant of the early intervention rule set forth in *W. H. Glover v. Smith*, 126 Me. 397, 138 A. 770 (1927). Therein, this Court stated that intervention by right would be allowed only when "the intervenor 'will either gain or lose by the direct legal operation and effect of the judgment'." 138 A. at 772. *See also*, 1 Field, McKusick and Wroth, *Maine Civil Practice,* § 24.1 (1970). Building upon the theory underlying that rule, Rule 24(a) now requires that petitioner claim "an interest relating to the property or transaction which is the subject of the action and [that he be] so situated that the disposition of the action may as a practical matter impair or impede his ability to protect that interest."

Petitioners claim that as adjoining landowners they satisfy the first requirement of Rule 24, that is, that they have an interest in the subject matter of pending action. They further argue that the second requirement is met, inasmuch as if plaintiffs prevail in their appeal, petitioners will again be required "to muster their forces, secure their expert witnesses, and again go forth to do battle on the same issue already presented." Plaintiffs, on the other hand, it is argued, "may continue to enter the arena until fortune provides an occasion on which [petitioners] cannot muster."

■ Although we agree with petitioners in the first half of their argument, *see Lippoth v. Zoning Board of Appeals, City of South Portland,* Me., 311 A.2d 552, 554 n. 1 (1973), we do not concur in the second half.

The sole issue now pending before the Superior Court is whether the chairman of defendant Zoning Board acted without authority. We are unable to see how the resolution of that issue will affect in any way petitioners' property interest. Should the Superior Court find for defendant, petitioners will also, in effect, prevail. In the event that plaintiffs are victorious, petitioners will then have an opportunity to appear before the Zoning Board and, if necessary, join in an appeal.

■ We do not question the fact that petitioners may be inconvenienced by further hearings. Mere inconvenience, however, is not sufficient to constitute an impediment or an impairment as envisioned by Rule 24(a).

The entry is:

Appeal denied.

Judgment affirmed.

ARCHIBALD, J., did not sit.