## J. M. Haught et al. *v.* George M. Irwin et ux., Appellants.

## John Bradley et al. *v.* George M. Irwin et ux., Appellants.

*Equity—Receiver—Preliminary injunction—Supersedeas.*

An order appointing a temporary receiver is an adjunct to the preliminary injunction granted at the same time, and legally a part of it. Both are interlocutory, and the right of appeal therefrom depends on the act of February 14, 1866, P. L. 28, which expressly provides that it shall not be a supersedeas.

*Equity—Jurisdiction—Duty to obey order of court—Books.*

Where a bill in equity avers that the defendant had received the money of the complainant for investment in specified ways, and that he had failed to so apply the money, and had stopped payment, and absconded, the complainant is entitled to discovery and account, and the jurisdiction of the court attaches for such purposes.

If in such a case the court grants a preliminary injunction and appoints a temporary receiver, with power to take possession of the defendant's books, defendant has no right to refuse to deliver the books, on the ground that the court was without jurisdiction by reason of an improper joinder of parties, or because the bill was based upon a wagering contract. His remedy is to apply for a special order of supersedeas.

In such a case the court will make an order that the examination of the books shall be strictly confined to the legitimate needs of the case, so that the interests of persons not involved in the case may be protected from unnecessary scrutiny.

Argued Jan. 7, 1895. Appeals, Nos. 45 and 60, Oct. T., 1894, by defendants, from decrees of C. P. No. 2, Allegheny Co., Nos. 321 and 338, Jan. T., 1895, granting an injunction against defendants, and appointing a receiver and attaching defendant for contempt. Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Affirmed.

Bill in equity for an account and discovery.

The bill averred that defendant, falsely pretending to conduct a legitimate banking and brokerage business in the city of Pittsburg, had procured plaintiffs and a large number of other persons to intrust large sums of money to him professedly as agent for the investment thereof in the buying and selling of grain, but with the real purpose of converting such moneys to his own use. The bill further averred that defendant had failed to use the moneys for the purposes for which they were intrusted to him, and that he had stopped payment and absconded. The bill prayed for an injunction, for the appointment of a receiver, for discovery, and for an account.

The court granted a preliminary injunction, and appointed a temporary receiver. The receiver was authorized to take into his possession all the property of defendant, including writings and books relating to the business carried on by defendant. Defendant refused to deliver his books, and an order was made committing him for contempt. After the defendant was lodged in jail, one of the justices of the Supreme Court made an order that the appeals taken by him should operate as a supersedeas, and that defendant should be released on entering security.

*Errors assigned* were (1) in granting preliminary injunction; (2, 3) in appointing a receiver; (4, 5) orders, committing defendant for contempt.

*J. S. Ferguson, Reed* of *Knox & Reed,* and *E. J. Patterson, E. G. Ferguson, John S. Robb, Sr.,* and *Thomas M. Marshall, Sr.,* with them for appellant.—The contract referred to in the bill was that of dealing in wagering contracts: Irwin v. Williar, 110 U. S. 499; North v. Phillips, 89 Pa. 250; Kirkpatrick v. Bonsall, 72 Pa. 155; Brua's Ap., 55 Pa. 294; Rhodes v. Sparks, 6 Pa. 473; Hipple v. Rice, 28 Pa. 406; Fareira v. Gabell, 89 Pa. 89; Dickson v. Thomas, 97 Pa. 278; Smith v. Kammerer, 152 Pa. 98; Stewart v. Parnell, 147 Pa. 523; Higgins v. McCrea, 116 U. S. 671; White v. Barber, 123 U. S. 392; Pearce v. Rice, 142 U. S. 28; Watte v. Costello, 40 Ill. App. 307; Locke v. Towler, 41 Ill. App. 66; C. C. C. & I. R. R. v. Closser, 126 Ind. 348; Schmueckle v. Waters, 125 Ind. 265; Thorne v. Travelers Ins. Co., 80 Pa. 15; Peters v. Grim, 149 Pa. 163; McNaughton Co. v. Haldeman, 160 Pa. 144; Wolcott v. Heath, 78 Ill. 433; Wheeler v. McDermid, 36 Ill. App. 179; White v. Barber, 123 U. S. 392; Pearce v. Rice, 142 U. S. 28.

We contend that the appellant should not have been arrested and that he was not in contempt for many reasons: (1) Because the court had no jurisdiction to make the decree which was the basis for Mr. Bailey's demand; (2) that the appeals operated as a supersedeas; the order granting the injunction and appointing a receiver was a unit: Schlecht's Ap., 60 Pa. 172; Appeal N. B. & N. C. R. R. Co., 105 Pa. 22.

With reference to the delivery of the books to the receiver this may be said: If the cases had been proceeded with regularly neither could Mr. Irwin have been called by the plaintiffs to testify on bills such as these nor could they have compelled him to produce his books and papers to sustain the allegations of the bills.    He could not be compelled to testify against himself, and for the same reason he cannot be compelled to aid in his own conviction by the production of his books and papers: Boyle v. Smithman, 146 Pa. 255; Osborn v. Bunk, 154 Pa. 134.

*H. L. Goehring, Geo. P. Hamilton* with him, for appellees, cited on the question of wagering contracts: McNaughton Co. v. Haldeman, 160 Pa. 144; Peters v. Grim, 149 Pa. 163; 8 Am. & Eng. Enc. of Law, 1010; Kirkpatrick & Lyon v. Bonsall, 72 Pa. 155; Repplier v. Jacobs, 149 Pa. 167; Brua's Ap., 55 Pa. 294; North v. Phillips, 89 Pa. 250; Ruchizky v. De Haven,

97 Pa. 202; Mechem on Agency, sec. 526; Norton v. Blinn, 39 Ohio, 145; Kiewert v. Rindskopf, 46 Wis. 481; 2 Lindley on Tort, 552; Patterson's Ap., 13 W. N. C. 154; Morris Run Coal Co. v. Barclay Coal Co., 68 Pa. 173; Watson v. Murray, 23 N. J. Eq. 257; Knowles v. Haughton, 11 Ves. 168; Anderson v. Powell, 44 Ia. 20; Willson v. Owen, 30 Mich. 474, Harvey v. Varney, 98 Mass. 118; Sykes v. Readon, L. R. 11 Ch. Div. 170; Symes v. Hughes, L. R. 9 Eq. 475.

On the question of equity jurisdiction: Appeal of Brush Electric Co., 114 Pa. 574; Adams's Ap., 113 Pa. 449; Drake v. Lacoe, 157 Pa. 17; Shillito v. Shillito, 160 Pa. 167; Pomeroy on Eq. Juris., secs. 179, 180; Williamson's Case, 26 Pa. 9; Holden v. McMackin, 1 Parsons' Equity Cases, 270; Beach on Receivers, secs. 43, 198; Russell v. East Anglian Ry., 3 Mac. & G. 104; Griffith v. Griffith, 2 Ves. Sr. 400.

*D. B. Maxwell* and *M. A. Woodward*, for appellees, cited on the question of wagering contracts: Pickering v. Cease, 79 Ill. 329; Miller v. Bensley, 20 Ill. App. 530; Smith v. Bouvier, 70 Pa. 325; Corbett v. Underwood, 83 Ill. 330; Rumsey v. Berry, 65 Me. 570.

HAUGHT v. IRWIN.

OPINION BY MR. JUSTICE MITCHELL, March 11, 1895:

The order appointing a temporary receiver was an adjunct to the preliminary injunction, and legally a part of it: Schlecht's Appeal, 60 Pa. 172. Both were interlocutory, and the right of appeal therefrom depended on the act of February 14, 1866, P. L. 28, which expressly provides that it shall not be a supersedeas. The receiver having made a demand for the appellant's books, pursuant to the order of court, appellant refused to deliver them, and having taken an appeal, resisted obedience to the order on the ground that the court was without jurisdiction to make or enforce it. Such claim cannot be maintained. It is true that where a court is absolutely without jurisdiction of the subject-matter, as if this bill had been filed in the orphans' court or the oyer and terminer, its orders and decrees are nullities and are not binding on anybody. But where the court has jurisdiction of the subject-matter, it is not for any litigant party to say that it is wrongly exercised, and that he will not

obey. It is his duty to obey, even though his contention may ultimately be successful. His proper remedy for any threatened injury, pending the appeal, is to apply to this court for a special order of supersedeas.

. It is argued with great earnestness that the bill sets out no case for jurisdiction in equity because first, it is founded on wagering contracts ; and secondly, because the parties complainant have no joint interest, and have their several remedies at law. The discussion of these points is premature. All that is before us now is the prima facie jurisdiction of the court over the subject-matter, and of that there can be no doubt. Appellant received the money of the complainants for investment in specified ways, and with a duty to account. The bill charged that the money had not been so applied, and that the defendant had stopped payment and absconded. On this, the complainants were clearly entitled to discovery and account, and the jurisdiction of the court attached for such purposes. It may be that the money having been applied in accordance with the contract of deposit, the defendant is not further liable, or it may be that the use contemplated was in wagering contracts which are illegal and will not support an action even by ignorant and misguided participants. These questions, if in the case at all, will arise on the final hearing. We express no opinion upon them now. So in regard to the joinder of numerous complainants having several interests, it is sufficient at present to say that the money of all these parties was to be used together by their common agent and trustee. Whose money was in fact so used, what profits or losses if any, were made, and in what proportions due to the different parties, were questions requiring a joint investigation, and for which separate actions at law afforded no adequate remedy. But, as already said, these matters are presented prematurely. They will be discussed and decided when they come properly before us. They are touched upon now only to show that the court in entertaining the bill and making its orders thereon, was not so outside of its jurisdiction, as to justify the appellant in treating its commands as nullities and refusing to obey them.

The terms of the injunction and appointment of the receiver on preliminary hearing were somewhat severe and drastic, but the defendant appeared to the learned court as an absconder,

and the need of such action urgent. We cannot say that its discretion was not properly exercised. The duty of the receiver is primarily to collect and hold the assets to await the final determination of the case. In so doing it is proper and perhaps necessary that he should have access to the books. But the books presumably contain other matters that are not relevant to the issues of the case. Disclosure of these might indirectly do serious injury to many interests not involved in the present contest, and not in fault in any way concerning it. Such interests are entitled to protection from unnecessary scrutiny, and especially from that impertinent intermeddling with people's private 'affairs which the public press so often seeks to excuse under the name of enterprise. The books are at present in the hands of a depositary, under the order of this court attached to the allocatur of the appeal, and they are now turned over to the custody of the court below for the purposes of this case. Both parties will be entitled to access to them under such regulations as the court shall prescribe. The opinion of the learned judge below indicates his care for the rights of the persons interested, and his view that no list of depositors should be published, and that the examination of the books should be strictly confined to the legitimate needs of the case. It would be well for the sake of caution that such restrictions should be formally incorporated in the orders made permitting access.

Order affirmed.

### BRADLEY v. IRWIN.

Opinion by Mr. Justice Mitchell, March 11, 1895:

This case is ruled by Haught v. Irwin, opinion filed herewith, and for the reasons there given, the

Order is affirmed.