## Streuber's Appeal.

*Corporations — Sale of corporate property — Class bill — Intervening stockholder—Laches—Equity.*

A petition to intervene in a class bill by a minority stockholder to restrain a sale of corporate property will be dismissed where it appears that the petitioners had two months' notice of the contemplated corporate action and waited two months after action was taken before filing petition to intervene or taking any other proceedings, legal, equitable or otherwise.

Argued May 18, 1910. Appeal, No. 48, Jan. T., 1910, by Louis Streuber and R. A. Cartwright, from decree of C. P. Elk Co., April T., 1909, No. 1, refusing the petition of Louis Streuber and R. A. Cartwright to intervene as plaintiffs in the case of Fred Koehler et al. v. St. Mary's Brewing Company et al. Before FELL, C. J., BROWN, POTTER, ELKIN and STEWART, JJ. Affirmed.

Petition for permission to intervene in a class bill of minority stockholders. Before ORVIS, P. J., specially presiding.

The original bill was filed February 26, 1909, by certain minority stockholders of the St. Mary's Brewing Company against that company and Wm. Kaul et al. and majority stockholders to restrain the corporation from selling and conveying to the Elk County Brewing Company its property and franchises illegally for less than a fair value.

On June 21, 1909, the petition of Louis Streuber and R. A. Cartwright to intervene as party plaintiffs was filed and dismissed by the court in the following opinion by ORVIS, P. J., specially presiding:

And now, to wit, November 6, 1909, petition read and considered, it appearing to the court that the petitioners had notice of the corporate action on Feb-

ruary 27, 1909, as well as due notice of said intended action two months prior thereto, without resorting to any proceedings in law, equity or otherwise to prevent same, or had notice or should have had notice of the present bill having been filed and pending in the common pleas of Elk county, they are certainly guilty of not acting with promptness and have not shown reasons otherwise why their prayer should be granted. The prayer of the petitioners is therefore refused.

*Error assigned* was decree dismissing petition.

*Alexander Simpson, Jr.,* with him *Paul Benson, J. A. Gleason, Louis Rosenzweig, Gunnison, Rilling & Fish,* and *Fred H. Ely,* for appellants, cited: Wheelock v. Church, 119 Cal. 477 (51 Pac. Repr. 841); Nicrosi v. Calera Land Co., 115 Ala. 429 (22 So. Repr. 147); Fenwick v. Phillips, 3 Metc. (Ky.) 87; Belmont Nail Co. v. Iron & Steel Co., 46 Fed. Repr. 336; Forbes v. R. R. Co., 2 Woods, 323; Campbell v. R. R. Co., 1 Woods, 368; Johnston v. Markle Paper Co., 153 Pa. 189.

*E. H. Baird, William A. Stone, Scandrett & Barnett* and *John G. Johnson,* for appellees.

PER CURIAM, July 1, 1910:

This appeal is from the refusal of the court below to allow the appellants to intervene in the proceeding which is the subject of the appeal No. 49, to the present term. It is dismissed, for the reason given by the court below in denying the petition to intervene.