## Warnick, Appellant, *v.* Conroy et al.

Argued January 31, 1935. Before FRAZER, C. J., SIMPSON, KEPHART, SCHAFFER, MAXEY, DREW and LINN, JJ.

*Robert P. Shick,* for appellant.

*Nathaniel Speck,* with him *Clinton A. Sowers,* for appellees.

OPINION BY MR. JUSTICE DREW, March 25, 1935:

Plaintiff filed his bill in equity to compel the defendant Joseph A. Conroy to convey to him 345 shares of the guarantee fund of the defendant benefit association, and to compel the benefit association to transfer into his name

20 shares of that fund for which he held a certificate issued in the name of one McGuigan but which were claimed by Conroy. Preliminary objections were filed by both defendants; those of the benefit association were sustained and the bill dismissed as to it, and the cause proceeded to trial against Conroy alone. After a hearing, the chancellor refused relief as to the 345 shares but ordered that Conroy release all claim to the 20 shares. A final decree was entered accordingly, and from that decree plaintiff took this appeal.

The claim for 345 shares was based upon two separate transactions, involving 240 shares and 105 shares, respectively. As to the former, plaintiff alleged that on October 2, 1908, he was the owner of a certificate issued in the name of Robert A. Kennedy, who, he averred, was simply a trustee for him, and that on said date he transferred this certificate to Conroy, under an agreement by which the latter was to procure for him a loan of $3,000 thereon. He further alleged that Conroy had failed to procure such loan, and that he was therefore entitled to a return of the certificate. Conroy denied that plaintiff ever owned the certificate or placed it with him for the purpose alleged, but averred that, on the contrary, the certificate was issued to Kennedy individually, that the latter never paid for it, and that it was finally cancelled by the benefit association with Kennedy's consent.

The testimony as to this matter was voluminous and conflicting, but its weight and credibility were clearly on the side of defendant, as the chancellor found. Furthermore, as to this item, it is clear that plaintiff is barred by gross laches. The bill was not filed until May 6, 1929, more than twenty years after the date on which, according to plaintiff, he placed the certificate in Conroy's hands for the purpose of having the latter procure an immediate loan on it. The evidence shows that at least as far back as 1920 plaintiff made demand for the shares, which claim Conroy utterly denied and repudiated, and yet plaintiff delayed for nine years thereafter to take

steps to enforce his alleged claim. It is remarkable that a claim of this sort would be made after such a long period of time. If the doctrine of laches means anything in the law, plaintiff is unquestionably barred.

It might be said that the defense of laches turns upon whether, under the circumstances of the particular case, plaintiff is chargeable with want of diligence in instituting or prosecuting his suit, rather than upon the mere lapse of time: see Edwards v. Western Maryland Ry. Co., 268 Pa. 228, 230; Kinter v. Commonwealth Trust Co., 274 Pa. 436, 443; Pitcairn v. Stuart, 302 Pa. 499, 505. The answer is that in this case plaintiff is clearly guilty of a want of diligence. In addition, the transaction by which plaintiff claims to have become the owner of the shares was complicated and involved, and as a result has become so obscured by the passage of this long period of time that it is difficult if not impossible to ascertain the true facts in regard to it. Under such circumstances, as we pointed out in Wallace's Est., 299 Pa. 333, 340, plaintiff is justly subject to the imputation of laches. While it is true that plaintiff from time to time asserted his alleged claim, Conroy each time repudiated it. His mere assertion of such a claim, under the circumstances, without taking any legal steps to establish it, will not enable him to escape the charge of laches: see McGrann v. Allen, 291 Pa. 574, 580.

As to the claim for 105 shares, this was based on the transfer by plaintiff to Conroy of that number of shares on May 12, 1913, under an agreement by which the latter was to sell them and pay to plaintiff the proceeds, or a part of the proceeds. It appears from the evidence and from the agreement itself that other parties than plaintiff also owned interests in these shares, and for this reason the court below held that a decree ordering the delivery of the certificates to plaintiff would not be proper. No question was raised, or is now raised, as to the correctness of this holding, but after the entry of the decree nisi petitions were filed by which certain of these parties,

with the consent of plaintiff, sought to intervene in the cause in order that the ownership of the shares might be determined and in order that they might be distributed to the proper parties. The court below refused to grant the application, and plaintiff now complains of that refusal. We find no error in this action of the court below. The question of intervention is generally a matter within the sound discretion of the lower court (see Valmont Developing Co. v. Rosser, 297 Pa. 140, 149), and we find no abuse of that discretion here, particularly in view of the lateness of the application. The suit had been terminated, except for the entry of a final decree, and no useful purpose would have been served by permitting the intervention. The rights of the various parties in the shares can be determined in a separate suit, if any of the parties care to raise the question. Likewise, the granting or refusal of plaintiff's petition for a rehearing was a matter within the sound discretion of the court below (Fell v. Pitts, 263 Pa. 314; Duncan v. Duncan (No. 1), 265 Pa. 464; Myers v. Marquette, 311 Pa. 198), and the court below did not err in refusing it.

Plaintiff also assigns as error the action of the chancellor in sustaining the preliminary objections filed by the benefit association. The preliminary objections have not been printed in the record, and for this reason we are compelled to pass over the assignment.

Decree affirmed at the cost of appellant.