## Goldwater v. Lederer

180

*Henry N. Ball*, for petitioners.
*Harry Goodfriend*, for respondent.

LEWIS, J., November 28, 1938.—This is a petition to show cause why petitioners, R. S. Lederer and I. H. Lederer, should not be permitted to intervene as equitable plaintiffs. Plaintiff sued as endorsee on twelve promissory notes made by defendant as an accommodation endorser for the Belfield Laundry Corporation. Defendant in his affidavit of defense admits liability on the notes, but avers that petitioners and not plaintiff are the owners of the notes. The case was tried before Judge Sloane and a verdict entered for defendant, but a new trial was granted for the reason (not of record) that, in view of defendant's admission of liability on the notes, the defense of the ownership thereof was not available to him. Petitioners now ask leave to intervene to protect their rights. Defendant filed an answer to the petition admitting all of its averments. Plaintiff, in his answer, denies the averments in the petition as to the acquisition of the notes, but admits that R. S. Lederer, one of the petitioners, owns a one-half interest therein, because, as the answer avers, plaintiff and R. S. Lederer each contributed one half the money to buy the notes.

The right of intervention is recognized in Pennsylvania by a number of miscellaneous statutes of limited application, none of which covers this case. The right is also recognized by Pennsylvania Equity Rule 25:

"By leave of court, any person or persons claiming an interest in a pending suit, may be permitted to assert his, her or their right by intervention at any stage of the proceedings; but this shall be in subordination to and in recognition of the propriety of such suit."

So also by Equity Rules 18 and 57. That such equitable rights will be protected in an action at law is well established in Pennsylvania.

Examination of the authorities reveals that a distinction is made between "intervention of right" and "permissive intervention." This distinction is also made under the Federal Rules of Civil Procedure (1938), Rule 24. The rule seems to be that at any time during the pendency of any action, any person not a party thereto may intervene *as of right:*

(*a*) When such intervention will cure in whole or in part an existing defect of nonjoinder of parties in such action: Stevenson v. Matthews, 9 Pa. 316; Grant Township Water Co. v. Pennypacker et al., 6 Dauph. 89. (This rule is strictly limited to those cases where the action is defective because of failure to have joined the intervener. It does not include the case where such joinder is proper but nonjoinder is not erroneous, as where a partner is not sued in a suit against members of the firm.)

(*b*) When a statute of this Commonwealth confers an unconditional right to intervene.

(*c*) When the representation of the applicant's interest by existing parties is or may be inadequate and the applicant is or may be bound by a judgment in the action.

(*d*) When the applicant is so situated as to be adversely affected by the distribution or other disposition of property in the custody of the court or of an officer thereof.

Clauses (*c*) and (*d*) are supported by Northampton Trust Co., Trustee, v. Northampton Traction Co. et al., 270 Pa. 199, Frey's Estate, 237 Pa. 269, and Mevey's Appeal, 4 Pa. 80.

Within the sound discretion of the court any person not a party to an action *may be permitted* to intervene therein if:

(*a*) A statute of this Commonwealth confers a conditional right to intervene.

(*b*) The determination of such action may affect any legal interest of such persons. (This has been the traditional ground for allowing intervention in equity: Valmont Developing Co. v. Rosser et al., 297 Pa. 140; Real Estate Land Title & Trust Co. v. West Chester Street Ry. et al., 299 Pa. 76; Sailor Planing Mill & Lumber Co. v. Moyer, 35 Pa. Superior Ct. 503. The interest which an applicant for intervention must possess is generally required to be an enforcible or legally recognized interest as distinct from an economic desire or interest in seeing one litigant or another prevail in the proceedings: Andrews v. New Bethlehem Window Glass Co., 268 Pa. 565; Appeal of Philadelphia & Reading Coal & Iron Co. (No. 2), 22 D. & C. 475; Farmers Mutual Ins. Co. v. New Holland Turnpike Co., 122 Pa. 37; Hassinger v. Hassinger et al., 20 Pa. C. C. 485. This interest should be an actual or substantial legal interest, and an application should generally be refused where the applicant has nothing of any legal consequence to bring into the litigation: Bingaman v. Poor Directors, 10 Berks 43; Maneval v. Jackson Twp., 141 Pa. 426.)

(*c*) The entry of a judgment in such action or the satisfaction of such judgment will impose any liability upon such person to indemnify in whole or in part the party against whom the judgment would be entered. (This type of intervention is not generally allowed in Pennsylvania under the present practice. While a surety under a duty to indemnify the defendant in the original

action is permitted to appear and answer for the defendant, upon the latter's request the surety is not allowed to become a party proper to the action. Where the suit is brought against one tortfeasor, the other tortfeasor cannot defend the action against the defendant, although he is exposed to the danger that the defendant upon losing the action may seek to hold him for contribution. It has also been held that a person bound by a covenant of title cannot intervene to defend a holder of the land even though a judgment in favor of the adverse party will create a liability of the applicant upon his covenant: Linderman v. Berg, 12 Pa. 301. But compare this with the right of a landlord to be substituted for his tenant as defendant in an ejectment action brought against the tenant: Acts of March 21, 1772, 1 Sm. L. 370, sec. 9, and April 13, 1807, 4 Sm. L. 476, sec. 1, 12 PS §§1513, 1514.)

(*d*) Where such person could have joined as an original plaintiff in the action or been joined as an original or additional party by any party to the action or could have been required to interplead in the action. (Right of person who could have joined as an original party to intervene sustained: Karcher et ux. v. Downes, 31 D. & C. 386, giving a person who could have joined as a coplaintiff under the permissive joinder of plaintiffs Act of June 25, 1937, P. L. 2072, permission to intervene: Harrison et al. v. St. Mark's Church, 14 W. N. C. 387, permitting a neighboring property owner to intervene in an equity suit to enjoin a nuisance; see also Schaeffer v. Herman, 237 Pa. 86. Right of adverse claimant who could have been interpleaded to intervene is impliedly or expressly recognized in Stern v. Jones et al., 7 Luz. L. R. Rep. 19, Beaver Trust Co., Guardian, v. Kertis, etc., 298 Pa. 322, and Northampton County National Bank v. Hay et al., 5 Pa. C. C. 232. See also Slaymaker v. Snyder County State Bank, 308 Pa. 271, Miron v. Percheck et al., 279 Pa. 456, and Tonkonogy v. Levin et al., 106 Pa. Superior Ct. 448. The right to intervene is expressly conferred

upon adverse claimants by local rules in six counties. Compare also the power of the court in which an action is pending to direct the joinder of additional parties "if this is deemed essential in order that justice and equity may be done" under Pennsylvania Equity Rule 17; or if such persons "ought to be parties if complete relief is to be accorded between those already parties", under the Federal Rules of Civil Procedure, Rule 19(b).)

An application for intervention under the permissive types may be refused whenever:

(a) Petitioner attacks the validity of prior proceedings in the action beyond the extent reasonably necessary for the protection of the interests of the petitioner or of those he represents. (It is generally held that an intervener must take the record of the action as he finds it and assume an attitude of subordination to the original action: Northampton Trust Co., Trustee, v. Northampton Traction Co. et al., supra, and numerous other cases, as well as Pennsylvania Equity Rule 25.)

(b) The interests the petitioner desires to represent are already adequately represented in the action: City of Phila., to use, v. Leverington Cemetery Co., 104 Pa. Superior Ct. 386.

(c) The intervention will unduly delay or prejudice the adjudication of the rights of the original parties: Commonwealth's Appeal, etc., 305 Pa. 263; Streuber's Appeal, 229 Pa. 184; Rea et al. v. Klein, 14 Wash. Co. 82; Collins v. Martin, etc., et al., 30 Dauph. 33.

Clearly the present petitioners come within the permissive type of intervention as being ones who could have joined as original plaintiffs or possibly even as ones who could have been required to interplead. This latter ground, however, is doubtful in view of the fact that the defendant claims petitioners are entitled to the money, since the laws requires that one who interpleads other parties must be merely a stakeholder and have no interest in the claim. It remains only to inquire whether

in the sound discretion of this court such action should be permitted.

It has been urged by plaintiff that the interests of petitioners are already adequately represented. We are unable to subscribe to this view. Plaintiff will represent them only to the extent of one half the face value of the notes, whereas petitioners claim the whole value. Defendant is willing to admit liability for the whole amount to petitioners, but he is precluded from offering this as a defense to plaintiff's claim. This limitation is designed to apply chiefly to cases where taxpayers seek to intervene in suits by or against municipalities and similar situations. It is incumbent upon petitioners to present their own claims in this case.

We are also of the opinion that the intervention will not unduly delay or prejudice the adjudication of the rights of the original parties. The small delay is harmless and the mere fact that petitioners are hostile to plaintiff is immaterial. An intervener may assert his claim without regard to whether he is interested in the success of any party to the action or is adverse to all parties thereto. The injection of petitioners in this action will not unduly complicate the issues and the parties. It is no more difficult for the jury than the familiar replevin action where the question of title must first be decided and then the amount of the damages be fixed. If petitioners are not permitted to intervene they will be compelled to proceed against plaintiff in a separate suit, adding unnecessary litigation to the possibility that any judgment so obtained may be worthless if plaintiff at that time is financially irresponsible. It is the policy of the law to prevent a multiplicity of suits, and the present trend as shown by recent legislative enactments is to consolidate actions and parties.

For the above reasons the petition of Raymond S. Lederer and Ida H. Lederer for leave to intervene is granted.