Arzinger et al. *v.* Baughman (et al., Appellant).

Argued September 27, 1943. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON and STEARNE, JJ.

*Harold K. Brooks,* with him *C. W. Martin,* for appellant.

*Vincent M. Casey,* of *Margiotti, Pugliese & Casey,* with him *J. C. Glassburn,* for appellees.

OPINION BY MR. JUSTICE DREW, October 15, 1943:

In this action of replevin, the learned court below, on motion of plaintiffs, entered an order vacating its previous order wherein Coke Reclamation Corporation was granted leave to intervene as a party defendant, striking off that corporation's counter bond, and directing the sheriff to deliver possession of the equipment replevied to plaintiffs. From that order Coke Reclamation Corporation has appealed.

Plaintiffs, W. O. Arzinger and Catherine C. Arzinger, doing business as W. O. Arzinger Machinery Company, a partnership, instituted this action on February 27, 1943, against defendant, William A. Baughman, to recover possession of certain machinery and equipment alleged to be of the value of $9,000.00. On March 4, 1943, within seventy-two hours after the property had been replevied, appellant corporation presented to the court below an affidavit of ownership and a motion for leave to intervene, which motion that tribunal granted. A counter bond was then entered by appellant corporation and possession of the property was delivered to it. On March 16, 1943, plaintiffs filed their declaration against defendant, and on the following day they presented a petition to strike off the counter bond of appellant corporation and the order of court allowing intervention, for non-compliance with Rules 2328 and 2329, Pennsylvania Rules of Civil Procedure. The court below, after argument, granted the prayer of plaintiffs' petition and appellant corporation took this appeal.

It is the primary contention of counsel for appellant corporation that since they, through no fault whatever of their client, inadvertently proceeded under section 3

of the Act of April 19, 1901, P. L. 88, as amended, instead of under the Pennsylvania Rules of Civil Procedure which had suspended certain provisions of that statute, the court below abused its legal discretion in not affording an opportunity to comply with the Rules by amendment.

It is well settled in this Commonwealth that while the right to amend pleadings is ordinarily a matter resting in the sound discretion of the trial court, amendments should be allowed with great liberality at any stage of the case, unless, of course, they violate the law or prejudice the rights of the opposing party (*Miners Savings Bank v. Naylor*, 342 Pa. 273, 20 A. 2d 287) ; and that this Court is reluctant to foreclose a party because of the failure or neglect of his counsel when obvious injustice will be done (*McFadden v. Pennzoil Company*, 326 Pa. 277, 191 A. 584). Furthermore, Rule 126, Pa. R. C. P., provides: "The rules shall be liberally construed to secure the just, speedy and inexpensive determination of every action or proceeding to which they are applicable. The court at every stage of any such action or proceeding may disregard any error or defect of procedure which does not affect the substantial rights of the parties."

Rule 2328, Pa. R. C. P., requires that application for leave to intervene shall be made by a petition in the form of and verified in the manner of plaintiff's initial pleading in an action of assumpsit, setting forth the ground on which intervention is sought and a statement of the defense which petitioner desires to assert; that petitioner shall attach a copy of any pleading which he will file in the action if permitted to intervene; and that a copy of the petition shall be served upon each party to the action. Rule 2329 provides that upon the filing of the petition and after hearing, of which due notice shall be given to all parties, the court, if the allegations of the petition have been established and are found to be sufficient, shall enter an order allowing intervention, but

that in certain enumerated circumstances intervention may be refused.

We agree with the court below that the motion to intervene filed in this case, supported by nothing more than a formal affidavit of ownership, does not comply in any fair manner with these Rules. However, we are all convinced that the court abused its legal discretion in not first affording intervenor corporation an opportunity to amend its pleadings in order to comply with the Rules, before vacating its previous order and striking off the counter bond filed. This for the reasons: (1) the appellant corporation had presented its affidavit of ownership and motion within seventy-two hours after the property had been replevied and the court permitted the intervention; (2) plaintiffs' rights will in no wise be prejudiced since they are adequately protected by the counter bond filed; and (3) grave and obvious injustice will be done to intervenor corporation, through no fault of its own, if it is deprived of the possession of the replevied property until a new intervention proceeding is instituted, and, if allowed, until a final disposition of the replevin action had.

We can find no merit in plaintiffs' motion to quash this appeal on the ground that the order appealed from is interlocutory. The order striking off the counter bond filed and the vacating of the order of court allowing intervention theretofore made, without first permitting appellant corporation an opportunity to amend, was the denial of a substantial right, under the circumstances here presented, and so far as it is concerned the order is a final one from which an appeal lies. See: *Northampton Tr. Co. v. Northampton T. Co.*, 270 Pa. 199, 112 A. 871; *Real Est. L. T. & T. Co. v. W. Chester St. Ry.*, 299 Pa. 76, 149 A. 84.

The order is reversed, and the record remitted to the court below for further proceedings not inconsistent with this opinion. Costs to abide the final disposition of the cause.