## Darlington et al. *v.* Reilly, Trustee, et al., Appellants.

Argued January 16, 1948. Before Maxey, C. J., Drew, Linn, Stern, Patterson, Stearne and Jones, JJ.

*Francis T. Anderson,* with him *Gray, Anderson, Schaffer & Rome,* for appellants.

*T. Ewing Montgomery,* for appellees.

Opinion by Mr. Justice Jones, March 22, 1948:

These appeals are from an order of the learned court below adjudging the appellants guilty of contempt for their refusal to comply with a decree in equity entered with the consent of all parties to the record including the present appellants. The subject-matter of the equity suit embraces a trust res; and the jurisdiction of the court has never been questioned by anyone. There is no reason why the appellants should not faithfully and implicitly obey the decree; and, unless they do so promptly, attachment for their failure in the premises should issue forthwith. Already, they have trifled too long with the court's processes and have assumed an unconscionable attitude such as Mr. Justice Mitchell forcibly denounced in *Haught v. Irwin,* 166 Pa. 548, 551, 552, 31 A. 260.

The contentions which the appellants sought to press upon us with respect to the leave granted by the court below to the substituted trustee to disclaim the alleged contract between Paul Reilly, the former trustee, and

Masonic Commemoration Associates, Inc. (later re-named Commemoration Associates, Inc.), as well as the lower court's refusal to permit an amendment of the above-mentioned consent decree, involve matters wholly extraneous to the present phase of the proceeding.

The leave so granted the substituted trustee was not intended to do more than save that fiduciary from a charge of seeming contumacy upon his contemplated resistance of the alleged contract between the former trustee and the corporation. But, at the same time, the granting of the leave in no way adjudicated any rights that Commemoration Associates, Inc., or the present appellants might have by virtue of the alleged contract. A supplemental opinion of the learned court below made that abundantly plain. Nor was there any occasion for amendment of the decree and, especially, not in the particulars proposed by the appellants. The decree means and was intended to mean exactly what the learned court below has construed it to mean.

Neither need there be any misunderstanding as to the scope of the substituted trustee's authority merely because the decree of his appointment happens to clothe him with the powers of a receiver in equity. As the learned court below plainly intended, the substituted trustee is, first and foremost, a receiver for the protection, conservation and administration of the trust res, *pendente lite,* and was so constituted by appropriate application of the complainants in the bill. On the other hand, the appointment of a substituted trustee in place of Reilly, now deceased, under his deed of trust to the Darlingtons, was later initiated on a petition by Reilly's administratrix addressed to another court and, of course, at an entirely different number and term. However, that application was subsequently transmitted to the equity proceeding where it was heard together with the application for the appointment of a receiver with the resultant appointment of a substituted trustee with the powers of a receiver in equity.

When complied with, the consent decree will operate to preserve, in so far as is possible, the *status quo* of the trust res pending final determination of the respective rights of the parties in interest. As the matters in suit have yet to come before the court below for adjudication on their merits, we have purposely refrained from discussing any of them in reviewing the adjudication of the appellants' contempt which is all that is presently before us.

The order is affirmed at the costs of the respective appellant in each appeal.