## Darlington et al. *v.* Reilly, Trustee (et al., Appellants).

Argued September 28, 1949. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and JONES, JJ.

*I. Emanuel Sauder,* for appellants.

*William D. Harkins,* with him *T. Ewing Montgomery,* for appellees.

OPINION BY MR. JUSTICE HORACE STERN, November 14, 1949:

These appeals are not by any of the parties to this litigation but by would-be intervenors whose petitions to enter the proceedings were denied by the court below.

Jared and Paul Darlington, in 1933, conveyed certain lands owned by them in Delaware County to Paul Reilly as trustee, and at the same time entered with him into a so-called deed of trust which set forth the terms and obligations under which Reilly was to hold title. In general, he was to develop the property as a cemetery to be known as Hiram Memorial Park and for that purpose to sell lots and burial rights therein. Reilly failed to carry out the duties thus imposed upon him; on the contrary, he transferred his responsibilities and turned over practically the entire venture to a corporation entitled Commemoration Associates, Inc. The latter in turn entered into a verbal contract with a partnership consisting of James G. Calebaugh and Charles Stratton whereby it employed them to conduct the selling operations of the lots upon a commission basis; they were to receive, in the first instance, the moneys from the sale of the lots, out of which they were to retain their expenses and commission. Calebaugh and Stratton engaged several salesmen; most of the sales were made under instalment-payment contracts and the salesmen were to receive commissions of 30%

of the sales price, to be paid to them as the instalment payments were received. Among those thus employed were Wayne J. Alleman and J. G. Farquharson, who, during the course of their employment, sold some 700 of the lots and thereby became entitled to receive from Calebaugh and Stratton $20,000 in commissions, which, however, was never paid to them. On January 21, 1948, Alleman, and on February 5, 1948, Farquharson, sold and assigned to Joseph L. Rosenberg all their right, title and interest in and to their claims for commissions, the assignment by Alleman being limited to his claim for such commissions up to $1,400. On February 16, 1948, Alleman made a similar sale and assignment of the balance of his claim to Martin M. Wagner and Joseph L. Rosenberg, trading as Wagrose Trading Company.

On May 7, 1946, the plaintiffs in the present equity proceedings, being the heirs and devisees of Jared and Paul Darlington (who had died in 1934 and 1938 respectively), filed a bill in equity praying that the original conveyance to Reilly be cancelled, that the deed of trust be declared null and void, that reconveyance of the property be made to plaintiffs, and that Reilly, Calebaugh and Stratton be directed to turn over and surrender to plaintiffs possession of the premises. Reilly died July 9, 1946, and on December 5, 1946, Glenn A. Troutman, Esq., was appointed by the court trustee in his stead with all the powers of a receiver in equity. On December 26, 1946, Troutman filed a petition for leave to disclaim and repudiate the contract between Reilly and Commemoration Associates, Inc., on the ground that Reilly had not had the right to enter into such a contract, that, in any event, it had been breached by Commemoration Associates, Inc., that misrepresentations were being made to the public by Commemoration Associates, Inc. and by their sales agents, Calebaugh and Stratton, and that it was not to the best interests of the trust estate

to allow the sale of burial rights to be continued by them. On February 7, 1947, the court granted this petition and authorized Troutman to take possession of the property. Upon Calebaugh and Stratton failing or refusing to deliver possession to Troutman the latter obtained a contempt order against them which was sustained on appeal to this Court (*Darlington v. Reilly, Trustee*, 358 Pa. 380, 57 A. 2d 861) and they thereupon surrendered possession. On April 23, 1948, the court entered a decree authorizing and directing Troutman as trustee-receiver to collect and receive instalment payments from the persons who had purchased lots from Commemoration Associates, Inc., or from Calebaugh and Stratton, without prejudice, however, to the rights of that corporation and partnership to have their rights under their contract with Reilly adjudicated in proper proceedings, and also without prejudice to the rights of salesmen employed by Commemoration Associates, Inc. or by Calebaugh and Stratton.

On August 26, 1948, the court entered an adjudication of the issues involved in the bill in equity and the answer filed thereto by defendants. The court found that Reilly had not performed his obligations under the deed of trust, that Commemoration Associates, Inc., had not carried out the agreement it had entered into with Reilly, that it did not have the right to enter into the contract of employment with Calebaugh and Stratton, that the latter had been notified by Troutman as early as December 7, 1946, to desist from all sales activities but had nevertheless continued to make hundreds of sales of burial rights. A decree nisi was entered nullifying the conveyance to Reilly and the deed of trust, and Troutman was directed, after filing his account and having it confirmed by the court, to reconvey the property to plaintiffs. Exceptions to this adjudication filed by defendants were dismissed, and on December 22, 1948, the decree nisi was adopted as the final decree of

the court. On that same day, December 22, 1948, Rosenberg and Wagrose Trading Company filed their petitions to intervene in the proceedings. They alleged that although Troutman as trustee-receiver had received and then had in his possession moneys representing the proceeds of sales of burial lots made by Alleman and Farquharson no part of the commissions due thereout had been paid to the petitioners, and that, if the deed of trust were set aside, the land reconveyed to plaintiffs, and the contracts with Commemoration Associates, Inc. and Calebaugh and Stratton terminated and declared void, the rights and interest of petitioners would thereby be destroyed. The court dismissed the petitions on the ground that the claims of the petitioners rose no higher legally than the claim of their employers Calebaugh and Stratton and could not be determined until the rights of the latter were adjudicated. From that order of dismissal the present appeals have been taken by Rosenberg and Wagrose Trading Company.

The question of intervention is a matter within the sound discretion of the court below and unless there is a manifest abuse of such discretion, its exercise will not be interfered with on review: *Valmont Developing Co. v. Rosser*, 297 Pa. 140, 149, 146 A. 557, 560, 561; *Landis v. Glessner*, 132 Pa. Superior Ct. 301, 304, 200 A. 899, 900. Here not only was there no abuse of discretion on the part of the court below but it is obvious from an analysis of the proceedings that the appellants have no basis whatever on which to justify a right of intervention. What the bill in equity prayed was that the deed of trust be cancelled and the land be reconveyed to the heirs of the original grantors, and that is all that the court decreed in its adjudication. The appellants have no interest in that decision and are not in any way adversely affected by it, since under no conceivable theory are they entitled to any charge or lien on the land itself; they have no rights under or by virtue of the deed of trust, and its termination is of no legal con-

cern to them: cf. *Bily, Executrix, v. Allegheny County Board of Property Assessment, Appeals and Review,* 353 Pa. 49, 51, 44 A. 2d 250, 251; *Landis v. Glessner,* 132 Pa. Superior Ct. 301, 304, 200 A. 899, 900, 901. They were merely employes of Calebaugh and Stratton with whom alone they had any contractual relations. Their claims are not in rem but in personam, have no relationship whatever to the relief sought by plaintiffs, and could not be adjudicated under the prayers of the bill. As already stated, it was expressly provided in the decree authorizing the trustee-receiver to collect the instalment payments from the purchasers of the lots that such authority should be without prejudice to the rights of the salesmen employed by Commemoration Associates, Inc. or by the partnership of Calebaugh and Stratton, and if appellants have any rights in the proceeds of the sales of the lots in the hands of the trustee-receiver they can present their claims at the audit of his account which the court in its decree directed him to file. The refusal, therefore, to permit them to intervene did not deny them relief to which they are entitled and which they can obtain in no other way: cf. *Real Estate Land Title & Trust Co. v. West Chester Street Railway Co.,* 299 Pa. 76, 78, 79, 149 A. 84, 85.

Finally, it may be pointed out that although this litigation has been before the court for more than three and a half years appellants presented their petition to intervene only on the day when the court below entered its final decree and thereby brought the protracted litigation (other than the future filing and audit of the trustee-receiver's account) to a close. An application for intervention may always be refused if the petitioner has unduly delayed in making application therefor: Pa. R. C. P. 2329; cf. *Streuber's Appeal,* 229 Pa. 184, 78 A. 106; *Warnick v. Conroy,* 318 Pa. 232, 235, 236, 177 A. 757, 758, 759.

Order affirmed at appellants' costs.