## Stroud et ux. v. Harper et al.

*Julian W. Barnard,* for petitioner.
*Waters, Cooper & Gallager,* contra.

DANNEHOWER, J., September 22, 1950.—Each of these cases, which for the present purposes, may be considered together, comes before the court on the petition of an equitable owner of certain real estate to intervene as a defendant in an action to quiet title instituted by plaintiffs who claim ownership by adverse possession.

A stipulation of facts shows that the properties in question were owned by Maggie Harper, who died intestate on March 12, 1934. Petitioner, Evelyn D. Loescher, entered into a written agreement with Mary Coleby Harper, an heir of Maggie Harper, to purchase her interest as she in turn had acquired the interest of the other heirs. Petitioner's purchase agreement, which was not recorded, was dated September 7, 1949, a copy of which is attached to the petition to intervene, while this action to quiet title was not begun until November 10, 1949.

Thus the sole question for determination is whether an equitable owner of real estate has the right to intervene and help defend an action which may upset the paper title through which he claims.

Pennsylvania Rule of Civil Procedure 2229 (e) provides: "In an action to adjudicate title to or an interest in real or personal property . . . (2) any person whose claim is adverse to that of the plaintiff may be joined as a defendant", while rule 2327, which sets forth who may intervene, says: "At any time during the pendency of an action, a person not a party thereto shall be permitted to intervene therein, subject to these rules . . . (3) such person could have joined as an original party to the action or could have been joined therein; or (4) the determination of such action may affect any legally enforceable interest of such person whether or not he may be bound by a judgment in the action".

Since, under rule 2229 (e), petitioner might have been joined as a party defendant, under rule 2327 (3), it would seem intervention should be permitted. See Pennsylvania Turnpike Commission v. Bedford County et al., 47 D. & C. 496 (1943).

Moreover, this result would be in harmony with the comment on rule 2327 (4), by the rule's drafters, that the interest justifying intervention must be recognized at law or in equity, as the interests of an equitable owner are, as distinguished from an economic motive or interest in seeing one litigant or another prevail in the proceedings.

Plaintiffs contend that petitioner's interest is already adequately represented and protected by defendants and that under the provisions of rule 2329 intervention should not be permitted. However, as it is pointed out in Goodrich-Amram, Standard Pa. Practice Procedural Rules Service, in a comment upon this rule at §2329-3:

"The court is not compelled to refuse intervention on this ground and may permit intervention even though the petitioners' interest is adequately represented.

"Adequate representation may be considered both as a legal and a practical concept . . . The courts may therefore properly consider the factual adequacy of the representation and intervention should only be refused when the court feels that the applicant's interest is so well represented in the action that the allowance of the intervention would not materially improve his position".

Where a written agreement of sale has been entered into, the vendor's only title is a legal one which he retains to insure payment of the purchase price. In other respects, the purchaser or the equitable owner is the owner of the premises, and to say that an equitable owner must depend upon the seller to make defense might be to deny him full and complete protection.

"The right of intervention should be accorded to anyone having title to property which is the subject of litigation, provided that his rights will be substantially affected by the direct legal operation and effect of the decision, and provided also that it is reasonably necessary for him to safeguard an interest of his own which no other party on the record is interested in protecting": Bily, Executrix, v. Allegheny County Board of Assessment, 353 Pa. 49, 51 (1945). No party of record here has the same interest to protect as does petitioner.

The matter is one within the sound discretion of the court: Darlington et al. v. Reilly, Trustee, et al., 363 Pa. 72, 76 (1949).

The case of Bennett et al. v. Pennsylvania Railroad Co., 17 Pa. 189 (1892), is not in point as there it was the vendor who was attempting to intervene. Moreover, the result is in conflict with the later case of Balaban v. Howard, 60 D. & C. 209 (1947), a case decided after the adoption of the new rules.

And now, September 22, 1950, for the reasons stated in the foregoing opinion, the rule is hereby made absolute and petitioner, Evelyn D. Loescher, is permitted to join in case no. 20, November term, 1949, as a party defendant.

And now, September 22, 1950, for the reasons stated in the foregoing opinion, the rule is hereby made absolute, and petitioner, Evelyn D. Loescher, is permitted to join in case no. 23, November term, 1949, as a party defendant.

EDITOR'S NOTE—At the trial a nonsuit was entered and a motion to take off the nonsuit was subsequently overruled. The issues discussed in the above opinion were not considered by the court in any further proceedings.