Darlington *v.* Reilly (et al., Appellant) No. 1.

Argued November 18, 1953. Before STERN, C. J., STEARNE, JONES, BELL, CHIDSEY, MUSMANNO and AR-NOLD, JJ.

*I. Emanuel Sauder,* for appellants.

*William D. Harkins,* with him *T. Ewing Montgomery,* for appellees.

*J. Wesley McWilliams,* for substituted Trustee-receiver.

OPINION BY MR. JUSTICE JONES, January 4, 1954:

This is the third time that this litigation has been before us in some phase or other: see 358 Pa. 380, 57 A.

2d 861, and 363 Pa. 72, 69 A. 2d 84. And, like the last preceding occasion, the appellants are not parties to the litigation. Then, they were "would-be intervenors" whose petition for leave to intervene had been denied by the court below. Now, they are disappointed claimants, the denial of whose claims against the trust res or the trustee-receiver is the grievance of their present appeal. The factual background leading up to and during most of the litigation was succinctly stated in the opinion of our present Chief Justice in 363 Pa. 72, 69 A. 2d 84, and need not be repeated here. The various legal controversies that have been developed in this matter have taken up far more time of the courts than such matters deserved.

The appellants make two contentions,—(1) that the court below erred by appointing a special master or assessor to hear testimony and report on the trustee-receiver's account and on claims against the fund accounted for and thereby rendered legally ineffectual the proceeding before it; and (2) that the appellants, as the assignees of claims of agents to commissions for the sale of burial lots out of the trust realty on contracts from which the trustee-receiver has received and accepted payments, are entitled to have such claims paid out of the fund for which the trustee-receiver has accounted.

Our former equity rules are applicable. Equity Rule 15 provided in presently material part that ". . . examiners, masters or auditors [shall not be] appointed [in equity], save in those instances where by statute or these rules it is expressly so provided." In application, Rule 15 has been construed to mean that a court of equity lacks power to appoint a master or auditor to hear and pass upon facts or questions of law essential to an adjudication which it is for the chancellor to make: see *Houghten v. Restland Memorial*

*Park, Inc.,* 343 Pa. 625, 629-630, 23 A. 2d 497; cf., *Rowley v. Rowley,* 294 Pa. 535, 539-540, 144 A. 537. In the *Rowley* case Mr. Justice SADLER, speaking for this court with respect to Equity Rule 15, said,—"This regulation was made so that the testimony, upon which the decree was based, should in all cases be heard by an equity court, and to remedy the abuse of shifting this burden from the chancellor to some chosen member of the bar, followed, as it would be, by oppressive costs." And, in *Palethorp v. Palethorp,* 184 Pa. 585, 586-587, 39 A. 489, it was held that a decree in equity based upon a report by a master appointed by the court, while Equity Rule 15 was in force, had nothing to support it and was, therefore, a nullity.

However, it was Equity Rule 65 (now Equity Civil Procedural Rule 1515, 369 Pa. xxxvii) upon which the learned court below relied in appointing an auditor or assessor, skilled in accounting, to audit the trustee-receiver's account and to examine, inter alia, into the claims of creditors and report to the court for its consideration and decision. Equity Rule 65 permitted the appointment of a referee or assessor in cases involving complicated accounts. Here, the matter involved long drawn out and exceedingly complicated accounts. Rule 65 afforded an efficient procedure in the circumstances. The fact that the order appointing the auditor exceeded the contemplation of Rule 65 and transgressed the inhibition in Rule 15 upon the appointment of masters or auditors did not vitiate the proceeding. The situation is quite analogous to that in *Buse & Caldwell Dissolution Case,* 328 Pa. 211, 216, 195 A. 9, where "The delegation of power to state an account was consistent with Rule 65; but the powers given in the order of appointment were too broad to the extent that they exceeded the scope of Rule 65 and included powers forbidden by Rule 15." We avoided the seeming difficulty

in that instance by not applying "the rule that the finding of fact supported by evidence and approved by the court in banc will be accepted here." Mr. Justice LINN, who spoke for this court, said (p. 216),— "That error will, however, not require a retrial below. We think a larger view of the situation may be taken in this court without creating a general precedent. As the validity of the claims of the two parties to the dispute turns on the finding of several ultimate facts, we have gone over the evidence *de novo* and, for reasons to be stated, have reached, without any difficulty, a conclusion in which we all concur. This has been done because we think, in the circumstances presented, the public and the parties should not be put to the unnecessary expense of a retrial of the case where that can be avoided without harm or injustice to either party." The foregoing language is presently apposite. Here, the learned chancellor did not adopt the auditor's report on the appellants' claims as conclusive but went directly to the record and on the basis of his own independent findings based on undisputed documentary proofs proceeded to an appropriate disposition of the appellants' claims.

That brings us to the second contention. The appellants are the assignees of two salesmen, Alleman and Farquharson, whose present claims arose out of written contracts of employment with a partnership composed of J. G. Calebaugh and Charles Stratton and known as Stratton and Calebaugh. The partnership, in turn, had a contract with Commemoration Associates, Inc., for the sale of burial lots in the Hiram Memorial Park cemetery. As President Judge SMITH, the chancellor below, justifiably held on the basis of his unexceptionable findings,—"J. G. Farquharson entered into no contract with the Trust Estate of Hiram Memorial Park or with the Substituted Trustee-Receiver. He

is not now and never has been a creditor of the Trust Estate or the Substituted Trustee-Receiver. Any claim he may possess is against either Commemoration Associates, Inc., or Stratton and Calebaugh, a partnership, with whom he contracted. He possesses no lien against or interest in the real estate or in the proceeds of the sale of any portion thereof." The chancellor properly made the same finding as to Alleman and then correctly concluded, as a matter of law, that "The rights of [the present appellants] Joseph L. Rosenberg and of Martin M. Wagner and Joseph L. Rosenberg, trading as Wagrose Trading Company, assignees of Wayne J. Alleman and J. G. Farquharson can rise no higher than their assignors. Since their assignors possess no valid claim against the Trust Estate of Hiram Memorial Park or against the Substituted Trustee-Receiver, they possess no such claims. The claim of Joseph L. Rosenberg and Martin M. Wagner and Joseph L. Rosenberg, trading as Wagrose Trading Company, are disallowed."

Nothing need be said with respect to the appellants' claim to restitution because of alleged unjust enrichment of the trust estate. The facts bear out no such contention. The trust estate was not enriched.

The decree is affirmed at the appellants' costs.