# Morris v. Davis Giovinazzo Construction Company, Inc.

*Edward J. Morris*, for appellant.
*Anthony P. Tabasso*, for appellee.

FOX, *J.*, July 2, 2013—Pursuant to the Superior Court's April 4, 2013 order, this court supplements its prior opinion in this matter. Specifically, this opinion is to address why Susquehanna Banks' failure to file a petition within thirty days of the November order did not render the entire November 10, 2011 order (including the grant of Susquehanna's petition to intervene) a nullity.

## FACTS and PROCEDURAL HISTORY

In 2006, Susquehanna made loans and agreed to extend a line of credit to Davis-Giovinazzo Construction Co. (DGC). The loan and line of credit agreements were secured by a security agreement and a UCC-1 financing statement covering, *inter alia*, all of DGC's receivables. DGC failed to repay the loans, and on June 16, 2008, Susquehanna confessed judgment against DGC in the amount of $17,079,732.52 plus interest. DGC owed money to several parties including plaintiff, who previously obtained a judgment against DGC for unpaid legal services in Montgomery County. Plaintiff transferred the judgment to Philadelphia on June 9, 2008. In the meantime, Domus, a general contractor on several

large projects, hired DGC as a masonry subcontractor. At the time plaintiff transferred his judgment to Philadelphia, Domus owed DGC a significant amount of money. In an attempt to collect on the judgment, plaintiff garnished from Domus $41,150, the amount of his judgment plus interest. Susquehanna Bank had a first lien on the Domus account receivable. Domus paid the funds to plaintiff, despite requests from Susquehanna not to do so. On March 19, 2009, when Susquehanna learned that Domus had transferred the funds to plaintiff, it filed an emergency petition to intervene and to freeze the funds. In response, this court ordered that all funds paid to plaintiff by Domus be frozen pending further order. Meanwhile, DGC wished to collect the money that Domus owed it, and in June 2008, it filed a demand for AAA arbitration. On April 5, 2010, a panel of arbitrators ordered Domus to pay DGC $757,174.00 plus a portion of the arbitrators' administrative fees. Shortly thereafter, Domus filed an action in the United States District Court for the Eastern District of Pennsylvania alleging that multiple parties had claimed priority to the money it owed to DGC. *Domus, Inc. v. Davis-Giovinazzo Construction Co., Inc. et al.*, E.D.Pa. No. 10-1654. The District Court issued an order awarding the entire amount of the interplead funds to Susquehanna because it held a perfected security interest in all of DGC's accounts receivable. In September 2011, Susquehanna notified the Philadelphia Court of Common Pleas of the District Court's decision. In response, the court entered the following order:

And now, this 10th day of November 2011, upon consideration of the Petition to Intervene filed by Susquehanna Bank, the response thereto, and after

a hearing and review after a review of supplemental pleadings, it is hereby ordered and decreed that the Petition is granted and Susquehanna Bank is permitted to intervene in this matter.

It is further ordered that pending further order of the court, Edward J. Morris, P.C., shall retain possession and not disperse and/or transfer the $41,500.00 in funds he received from Domas [sic], Inc., pursuant to a garnishment. Intervenor, Susquehanna Bank is granted leave of thirty (30) days from the docketing of this order to file an appropriate motion to request distribution of the funds retained by Edward J. Morris, P.C., consistent with this order. Failure to file such a petition within the thirty days designated shall result in dissolution of this order.

Trial court order, 11/10/11. Susquehanna Bank did not file its petition to distribute funds until eight days later. This court granted the petition. Plaintiff filed an appeal in which every issue raised pertained to this court decision to grant Susquehanna's petition to distribute the funds even though it filed fifty days beyond the time limit set by the court. The Superior Court remanded this matter back for this court to address why Susquehanna's delayed filing did not preclude the court from granting relief to Susquehanna.

## DISCUSSION

This court's November 10, 2011 order did not preclude the court from granting the relief requested by Susquehanna because there is no time limit on Intervention other than it must be during the pendency of an action. Pennsylvania Rule of Civil Procedure 2327 provides that a person "shall be

permitted to intervene" in an action where the action "may affect any legally enforceable interest of such person." Pa. R. Civ. P. 2327(4) (emphasis added). There is no question that Susquehanna's lien is a "legally enforceable interest" that warranted its intervention. Courts regularly allow third parties to intervene in judgment execution proceedings to protect their interests. *See, e.g., Deutsch, Larrimore & Famish, P.C. v. Johnson*, 791 A.2d 350, 351 (Pa. Super. Ct. 2002). It is well established that a "question of intervention is a matter within the sound discretion of the court below and unless there is a manifest abuse of such discretion, its exercise will not be interfered with on review." *Darlington v. Reilly*, 363 Pa. 72, 76, 69 A.2d 84, 86 (1949). *Jackson v. Hendrick*, 498 Pa. 270, 446 A.2d 226 (1982); *Templeton Appeal*, 399 Pa. 10, 159 A.2d 725 (1960). Here, since Rule 2327 does not permit the court from placing a time limit on a petition to intervene, the 30 day language of the order is unenforceable unless plaintiff takes some action. Instead of making the appropriate filing with the court, plaintiff disbursed the funds to himself with out notifying either the Susquehanna or this court. Therefore, since The time limit set by the court in its original order was to resolve the motions pending at that time by imposing a deadline. Neither party took any action regarding the funds at issue, the debt or the pending action. This court considered Susquehanna's a new petition in which the relief requested is allowed under the Rules of Civil Procedure. The deadline imposed in this court's order of November 10, 2011, was not intended to prevent either party from seeking further relief from the court but to bring closure to a pending motion. For these reasons this court did not deny Susquehanna's Petition as "untimely" but reviewed it, and the response, on the merits.