## Commonwealth v. Manbeck, Inc.

*Ronald M. Katzman*, for appellant.

*Edward T. Baker, Deputy Attorney General*, for Commonwealth.

Swope, P. J. (Twelfth District, Specially Presiding), September 20, 1965.—Incident to its appeal and specification of objections heretofore docketed to the above year and number, taxpayer, C. F. Manbeck, Inc., has now filed a petition for leave to amend. Pursuant to the rule which issued thereon, the Commonwealth has now filed its answer. At this juncture, the only question to be determined is whether the amend-

ment sought by the taxpayer should or should not be allowed.

Preliminary to the present action, taxpayer had petitioned the Bureau of Sales and Use Tax for a refund pursuant to the provisions of the act of March 6, 1956, P. L. 1228 (1955), as amended, basing its claim on the so-called "processing exemption" which had been added by the Act of August 23, 1961, P. L. 1092. In an order dated May 1, 1962, the Sales Tax Bureau granted part but denied the remainder of the refund claimed.

Taxpayer, thereupon, duly filed a petition for review with the Board of Finance and Revenue. That petition was refused in the board's order dated December 7, 1962. On February 4, 1963, taxpayer appealed that order to this court.

Thereafter, on October 9, 1963, the Pennsylvania Supreme Court rendered its decision in Commonwealth v. Sitkins Junk Co., Inc., 412 Pa. 132. On November 26, 1963, taxpayer filed the present petition so as to include the result of the Sitkin case in its claim.

The Commonwealth contends that taxpayer's amendment cannot be permitted in view of the "mandatory" language which occurs in section 1104 of The Fiscal Code, Act of April 9, 1929, P. L. 343, art. XI, sec. 1104, as amended, 72 PS §1104 under the provisions of which the appeal has been taken, which provides as follows:

"Appeals taken hereunder shall be hearings de novo, and no questions shall be raised by the appellant that were not brought to the attention of the department making the settlement, or in the application for resettlement, or petition for review prior to the appeal, and set forth in the specification of objections contained in the affidavit accompanying the appeal, unless the court shall be satisfied that the appellant was unable, by the exercise of reasonable diligence, to have raised such

questions before the department making the settlement and the Board of Finance and Revenue, and no questions shall be raised which are not included in the specification of objections filed as hereinbefore provided."

We are of the opinion, however, that the above language is not altogether mandatory and that the court, in the exercise of its discretion, may allow an amendment when appellant establishes that he could not, by the exercise of reasonable diligence, have raised the question which he now proposes to introduce during the prior administrative proceedings. The Commonwealth submits that taxpayer somehow could have foreseen the final outcome of the Sitkin case and, by the exercise of reasonable diligence could have raised the question decided therein eight or more months before that decision was finally handed down by our Supreme Court. To require this appellant to demonstrate clairvoyance to the degree suggested by the Commonwealth far exceeds our concept of the "reasonable diligence" demanded by the statute. We conclude, therefore, that taxpayer could not have raised the question he now proposes to introduce by the exercise of reasonable diligence.

We note further that the case law of this State generally favors petitions for leave to amend, and the courts accordingly treat such petitions liberally. Arzinger v. Baughman, 348 Pa. 84, 86 (1943) ; Noone Adoption case, 376 Pa. 437, 446 (1954) ; Wolfe v. Lester, 71 Dauph. 239, 241 (1958). Moreover, the Pennsylvania Rules of Civil Procedure, Rule 1033, allow a party to amend his pleadings "at any time." Furthermore, Rule 126 of the Pa. R. C. P. states that, "The rules shall be liberally construed to secure the just, speedy and inexpensive determination of every action or proceeding to which they are applicable". Accordingly, the courts will generally favor amend-

ments to the pleadings in order to promote substantial justice.

The Commonwealth further submits, however, that the case at bar is controlled by the prior decision of this court in Commonwealth v. The Colonial Trust Co., 40 D. & C. 4, 49 Dauph. 377 (1940), in which we refused a petition for leave to amend under section 1104 of The Fiscal Code. That case is distinguishable on its facts from the case at hand in at least three respects:

1. In Colonial, the United States Supreme Court handed down the decision which petitioner wished to include in its argument on November 11, 1935. The petition for leave to amend was not filed until January 13, 1939, well over three years after petitioner knew or should have known of the change in the law.

2. The petition to amend in Colonial was also filed well over six years after the filing of the appeal. As the court there pointed out, an amendment in Colonial would have violated the five year statute of limitations similar to the one presently contained in 72 PS §3403-553(d).

3. In Colonial, finally, the court had no discretion under section 1104 of The Fiscal Code, since the statute of limitations had expired.

We are satisfied that due to these substantial differences, the decision in Colonial does not control the outcome of the question presently before us.

Finally, the Commonwealth insists that the Sitkins case is not applicable to the instant appeal and therefore will not aid the taxpayer in any event. We are not in a position to consider the merits of this proposition at the present stage of the proceedings, however, since this case will be argued on its merits at a later date.

We fail to see how the Commonwealth will be prejudiced or harmed by allowing the taxpayer to amend

his petition, however, if its contention that the Sitkins case will not aid the taxpayer in any event is correct.

We are convinced that taxpayer's petition for leave to amend has been submitted in good faith and with no intention of delaying this appeal or to work some indirect extension of the statute of limitations. We conclude, therefore, that the petition should be granted so as to allow the taxpayer to add to his specification of objections the following:

"(e) That Appellant is entitled to the refund claim under Section 553(d) of the Sales Tax Act, and under the case of Commonwealth of Pennsylvania v. Sitkins Junk Co., Inc., 412 Pa. 132 (1963), and that the failure to grant said refund was therefore contrary to law."

Accordingly, we make the following

ORDER

And now, September 20, 1965, the prayer of the petition for leave to amend its appeal and specification of objections, filed by C. F. Manbeck, Inc., is hereby granted and the rule made absolute.